<hr />

[No. 19320.    Department Two.—December 21, 1893.]

## A. S. KENYON, Appellant, *v.* WESTERN UNION TELEGRAPH COMPANY, Respondent.

Negligence—Liability of Telegraph Company—Speculative Damages
—Pleading.—A complaint in an action against a telegraph company
alleging that through the gross neglect of the defendant in wrongfully
addressing a telegram, causing a delay in its delivery, the plaintiff was
prevented from receiving an appointment as deputy city assessor, at a
specified monthly salary, which he would have received if the message
had been promptly delivered, and that he had sustained damage to the
amount of five months' salary, for which judgment is prayed, is subject
to a general demurrer upon the ground that the damages are too specu-
lative and uncertain to be recovered.

Id.—Measure of Damages—Uncertainty.—Damages, or compensation,
must be measured by the loss sustained, and where that loss cannot be
ascertained, damages cannot be recovered.

Id.—Appointment of Deputy—Term During Pleasure of Officer.—
A deputy is appointed to hold during the pleasure of the officer appoint-
ing him, and an appointment as deputy does not imply a contract for
his employment for any length of time, it being possible that he might
receive the appointment and be discharged the same day, either for cause
or without cause.

Id.—Nominal Damages—Maxim, De Minimis—Costs.—The fact that the
plaintiff might be entitled to nominal damages for the negligence of the
defendant does not make a judgment sustaining a general demurrer to
the complaint erroneous, as nominal damages would not entitle the
plaintiff to costs, and under the maxim, *de minimis non curat lex*, no
question of permanent right exists between the parties, to be settled by
a trial, and the demurrer is properly sustained.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.·

*Callen & Neale,* for Appellant.

The complaint clearly states a cause of action. The contention that the damages are too remote is without merit. (*Western U. Tel. Co.* v. *Fenton,* 52 Ind. 1; *Western U. Tel. Co.* v. *Graham,* 1 Col. 230; 9 Am. Rep. 136; *McDonald* v. *Snelling,* 14 Allen, 292; 92 Am. Dec. 768; *New York etc. Tel. Co.* v. *Dryburg,* 35 Pa. St. 298; 78 Am. Dec. 338; *Parks* v. *Alta Cal. Tel. Co.,* 13 Cal. 422; 73 Am. Dec. 589; *Bryant* v. *American Tel. Co.,* 1 Daly, 575; *First National Bank* v. *Western U. Tel. Co.,* 30 Ohio St. 555; 27 Am. Rep. 485; *Hubbard* v. *Western U. Tel. Co.,* 33 Wis. 558; 14 Am. Rep. 775; *Hill* v. *New River Co.,* 9 Best & Smith, 303; *Rittenhouse* v. *Independent Line of Telegraph,* 44 N. Y. 263; 4 Am. Rep. 673; *United States Tel. Co.* v. *Wenger,* 55 Pa. St. 262; 93 Am. Dec. 751; *Atkinson* v. *N. & G. Water Works Co.,* L. R. 6 Ex. 404; *Tyler* v. *Western U. Tel. Co.,* 60 Ill. 421; 14 Am. Rep. 38; *Leonard* v. *New York etc. Tel. Co.,* 41 N. Y. 544; 1 Am. Rep. 446; 1 Sutherland on Damages, pp. 19, 21, 48; Civ. Code, secs. 3281, 3282; *Burrows* v. *Marsh Gas & Coke Co.,* 39 L. J. Ex. 33; *Harrison* v. *Great Northern Ry. Co.,* 33 L. J. Ex. 266; *Stanley* v. *Western Ins. Co.,* L. R. 3 Ex. 71; *Lane* v. *Atlantic Works,* 107 Mass. 104; *Scott* v. *Hunter,* 46 Pa. St. 192; 84 Am. Dec. 542; *Kellogg* v. *Chicago etc. R. R. Co.,* 26 Wis. 223; 7 Am. Rep. 69.)

*Cassius Carter,* for Respondent.

The alleged loss of employment was too remote to sustain a claim for damages, and the demurrer was properly sustained. (1 Sutherland on Damages, p. 48; 3 Sutherland on Damages, p. 308, and cases cited; *Western U. Tel. Co.* v. *Hall,* 124 U. S. 444; *Howard* v. *Stillwell etc. Co.,* 139 U. S. 199; *Fox* v. *Harding,* 7 Cush. 516; *Griffin* v. *Colver,* 16 N. Y. 489; 69 Am. Dec. 718; *Cahn* v. *Western*

*U. Tel. Co.,* 48 Fed. Rep. 810; *Merrill* v. *Western U. Tel. Co.,* 78 Me. 97; *Western U. Tel. Co.* v. *Connelly,* 2 Wilson's Condensed Cases, sec. 131; *Taylor* v. *Neri,* 1 Esp. 386; *N. Y. Academy* v. *Hackett,* 2 Hilt. 217; *Hoey* v. *Felton,* 11 Com. B. N. S. 142; *Burton* v. *Pinkerton,* L. R. 2 Ex. 340; *Boyce* v. *Bayliffe,* 1 Camp. 58; *Brown* v. *Cummings,* 7 Allen, 508.)

Haynes, C.—Appeal from a judgment in favor of defendant upon its demurrer to plaintiff's complaint.

The complaint in substance alleges that on January 2, 1893, the plaintiff delivered to the defendant at San Diego, for transmission and delivery, the following message: "Col. A. G. Gassen, 501 Geary Street, San Francisco. Rennie will appoint. You wire him, please. Urgent. A. S. Kenyon;" that through the gross negligence of the defendant the address as received at San Francisco read, "Collag. Massen," and that it was not delivered for ten days thereafter, though defendant informed plaintiff on January 3, 1893, that it had been delivered. That said Rennie was then, and since, the city assessor of the city of San Diego, that Gassen was an alderman of San Diego, that he was fully advised and understood the contents and importance of the message, that plaintiff was an applicant for an appointment as deputy of said city assessor at a salary of seventy-five dollars per month, and that if said message had been promptly delivered plaintiff would have received the said appointment, and that he had sustained damage in the sum of three hundred and seventy-five dollars, for which sum he prayed judgment.

The demurrer is that the complaint does not state a cause of action.

The negligence of defendant, and that plaintiff would have been appointed as such deputy but for such negligence, are sufficiently averred. Respondent claims, however, that the damages alleged are too remote, and that is said by respondent to be the ground upon which the demurrer was sustained. In his brief counsel for

respondent also insists that the character and impor-
tance of the message were not disclosed, and that hence
it could not be inferred therefrom that the loss of the
sender's appointment to an office, or other employment,
might result from a failure to deliver it.

Upon both these points the authorities are, or appear
to be, conflicting; but upon both questions the facts in-
volved in the cases are so various and diverse that a
careful consideration of each is required before it can
be certainly said that they are in point upon the one
side or the other.

That there was a breach of its contract on the part of
the defendant is not disputed, nor can it be contended
that the plaintiff is not entitled to recover all damages
he sustained from the defendant's breach of contract,
provided such damages are not too remote, and are
capable of being ascertained with sufficient certainty.

The case principally relied upon by appellant is
*Western U. Tel. Co.* v. *Fenton*, 52 Ind. 1. There the
owner of a steamboat plying upon the Ohio and Missis-
sippi rivers telegraphed from Cincinnati to Fenton, at
Aurora, as follows: " Will you go on *Argosy* with me
for one hundred and fifty dollars.  Answer immediately."
Fenton was a pilot, and the telegram was sent in conse-
quence of a previous conversation, and meant that he
would pay one hundred and fifty dollars per month.
The delivery of the telegram was delayed, whereby Fen-
ton lost the employment.  The court held that the dam-
ages were neither remote nor speculative.

In the case at bar it is not necessary to consider
whether the damages claimed were too remote, since it
is clear they were speculative and uncertain.  The alle-
gation is that plaintiff would have been appointed
deputy, and that the salary paid a deputy in that office
is seventy-five dollars per month.  But it is not alleged
that the city assessor would have contracted to employ
him for any definite length of time.  A deputy is
appointed to hold during the pleasure of the officer ap-
pointing him.  (Pol. Code, sec. 878.)  The power of

appointing deputies is in the officer, and not in the man. (*Hubert* v. *Mendheim*, 64 Cal. 220; and Pol. Code, sec. 876.)   An appointment as deputy does not imply a contract for his employment for any length of time, nor otherwise than at the pleasure of the officer making the appointment.   The allegation, therefore, that he would have received the appointment is not an allegation that he would have been retained for any definite length of time, nor could such allegation be made.   He might have received the appointment and been discharged the same day either for cause or without cause; and, as damages or compensation must be measured by the loss sustained, where that loss cannot be ascertained, damages cannot be recovered.   In *Western U. Tel. Co.* v. *Fenton*, 52 Ind. 1, an answer which Fenton would have sent accepting the offered employment, if the message had been delivered to him when it should have been, would have constituted a contract for at least ore month's service at the specified sum of one hundred and fifty dollars, and this much, at least, it was clear he had lost.

It is therefore not necessary to discuss or decide whether the damages, if they were ascertainable, and were in fact sustained, were too remote, nor whether the defendant would otherwise have been relieved because not informed of the nature of the transaction to which the telegram related, since if both these points were decided against the respondent the plaintiff could still recover nothing more than nominal damages.

Appellant contends, however, that he was at the least entitled to nominal damages, and that as the judgment was for defendant he is entitled to a reversal.

The failure to perform a duty required by contract is a legal wrong independently of actual damage sustained by the party to whom performance is due, and in general, where a contract right is violated, the maxim *de minimis non curat lex* has no application, and nominal damages will be given.   But where a judgment is erroneous only because it fails to give nominal damages it

will not be reversed unless nominal damages in the given case would carry costs. (Sutherland on Damages, sec. 11, and cases there cited.) If, however, as said by the author just cited, the object of the action is to determine some question of permanent right, the fact that he can only recover nominal damages will not prevent a reversal.

In this case nominal damages would not entitle the plaintiff to costs, and would therefore not justify a reversal, even if it be conceded that the judgment is erroneous. But I think the judgment was right. The question arose upon demurrer. If the demurrer had been overruled it must have resulted in an issue of fact and a trial, and in the end a judgment for plaintiff for nominal damages which would not even impose costs upon defendant. No question of "permanent right" existed between the parties to be settled by a trial and judgment, and in view of these facts I think the maxim above quoted was properly observed, and that the judgment should be affirmed.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

GAROUTTE, J., PATERSON, J., HARRISON, J.