ELBERT A. JOHNSON *v.* WESTERN UNION TELEGRAPH COMPANY.

TELEGRAPH COMPANY. *Failure to deliver telegram. Damages. proximate and remote. Profits.*

A failure to deliver a telegram giving the sendee merely an opportunity to make a contract. will not make the telegraph company liable in damages for the sendee's loss of profits which he possibly could have made had he entered into the contract. Such damages are too remote and uncertain.

FROM the circuit court of Sunflower county.

HON. FRANK A. MONTGOMERY, Judge.

Johnson, the appellant, was plaintiff in the court below; the telegraph company, appellee, was defendant there. The opinion states the facts.

*Southworth, Neill & Quinn*, for appellant.

The sendee's right to recover damages for the negligence of the telegraph company does not arise out of the contract between the sendee and the telegraph company, nor out of contract at all, but his right of action is for tort—that is, the breach

of public duty.   *Webb* v. *Telegraph Co.*, 61 Am. St. Rep., 207, and notes (s.c. 169 Ill., 610); *Telegraph Co.* v. *Dubois*, 128 Ill., 248; *Telegraph Co.* v. *Lycon*, 60 Ill., 124; *Telegraph Co.* v. *McKibben*, 114 Ind., 511 (s.c. 15 Am. St. Rep., 109); *Fairley* v. *Telegraph Co.*, 73 Miss., 6; *Shingleur* v. *Telegraph Co.*, 72 Miss., 1030; *Telegraph Co.* v. *McLaurin*, 70 Miss., 26; *Telegraph Co.* v. *Allen*, 66 Miss., 549.

The court below erred in sustaining the appellee's objections as to the remoteness of the damage.   "Where the negligence of the telegraph company in failing to promptly deliver a message causes the complainant to lose a situation, he is entitled to recover of the company the actual damage sustained by him in consequence of the loss.   The same right of recovery exists where a contractor loses, through the negligence of the company, the opportunity to secure a valuable contract."   25 Am. & Eng. Enc. L., 852, 853; *Alexander* v. *Western, etc., Co.*, 69 Miss., 160.

In so far as the remoteness of the damages, or the speculative character of the gains affect the appellant's right of action in the case at bar, we submit that the decisions of this court are sufficient to settle those points in favor of the appellant.   *Alexander et al.* v. *Telegraph Co.*, 66 Miss., 161; 67 Miss., 386.   Gains prevented are recoverable, as well as losses sustained.   *Fairley* v. *Telegraph Co.*, 73 Miss., 7.

*Mayes & Harris* and *Campbell & Starling*, for appellee.

We concede it is settled that in some instances profits are recoverable.   They are not excluded simply because they are profits, but they are generally excluded because they are uncertain, contingent, conjectural and speculative.   They are not awarded where they are remote, uncertain, conjectural, speculative, or not within the contemplation of the parties in the case of contract, or the natural, proximate result in the case of tort.   8 Am. & Eng. Enc. L., 608 *et seq.*

Two elements of reasonable certainty must concur: (1) It must be reasonably certain that the damages claimed resulted from the injury complained of; (2) the damages claimed must, in themselves, be reasonably certain. *Manufacturing Co.* v. *Hatcher*, 3 L. R. A., 587; *Hunt* v. *Pacific R. R. Co.*, 1 L. R. A., 842; *Union Refining Co.* v. *Barber*, 77 Ala., 156; *Birgham* v. *Carlisle*, 78 Ala., 248; *Telegraph Co.* v. *Hall*, 124 U. S., 444 (s. c. 5 Am. & Eng. Enc. L., 398); *Frazer* v. *Smith*, 60 Ill., 149; *Railroad Co.* v. *Cobb*, 64 Ill., 128; *Railroad Co.* v. *Cannister*, 61 Ark., 560; *Taylor* v. *Hatcher*, 3 L. R. A., 590; *Walser* v. *Telegraph Co.*, 114 N. C., 440.

In the light of the authorities and of the facts set forth in this record, the court below was right in excluding the special damages claimed and instructing the jury that they could not be awarded: (1) Because the damages were not within the contemplation of the parties to the telegram, and they were not the natural or proximate result of the failure to deliver the same; (2) it is not certain (in fact, the proof shows otherwise) that the failure to deliver the telegram was the cause of the damages complained of. In other words, it is not certain, by any means, that appellant would have taken the work, or what part of the work he would have taken, had the telegram been delivered. His own testimony is that he had an opportunity, after the telegram was sent, to take the work, but he himself decided not to do so; (3) the damages claimed are uncertain in themselves; incapable of exact or reasonably certain estimation. They are conjectural, speculative and remote.

Argued orally by *S. D. Neill*, for appellant, and by *J. B. Harris*, for appellee.

TERRAL, J., delivered the opinion of the court.

R. M. Quigley & Co., of St. Louis, on July 27, 1898, sent to appellant the following telegram: "E. A. Johnson, Morehead, Miss.: We have million yards, pay both ways; work

Georgiana, Ala.   Do you want any ?   Hancock will be Georgiana after Thursday.   Speak quick.   R. M. Quigley & Co."
The declaration for damages by Johnson alleges that he wanted work, had worked before with Quigley & Co., and would, if he had received the telegram, have gone to Georgiana, where Quigley & Co. had a large contract for the construction of a railroad, and that he would have entered into a contract for the doing of a part of said work, and would have made a large sum of money upon said contract.

We think the damages here sued for are too remote to be recovered.   If the telegram had been received, it only gave appellant an opportunity for making a contract for railroad work, which he might have made or might not have made; and, if he had made a contract for work, what he should have made thereon would have been subject to several contingencies. In other words, the damages here claimed are not the direct result of the breach of duty complained of.   They do not naturally, or necessarily or probably, arise from the wrong done; and, because the damages claimed are remote and uncertain, the appellant may not recover.   *Railroad Co.* v. *Ragsdale*, 46 Miss., 458; 1 Suth. on Damages, sec. 15; *Telegraph Co.* v. *Hall*, 124 U. S., 444 (s.c. 8 Sup. Ct., 577; 31 L. Ed., 479).

*Affirmed.*