WESTERN UNION TELEGRAPH COMPANY *v.* 'ADAMS MACHINE COMPANY.

[47 South., 412.]

TELEGRAPH COMPANIES. *Non-delivery of message. Damages. Profits. Remote. Speculative.*

A telegraph company failing to deliver a message giving the sendee an opportunity to make a contract is not liable for the profits which he might have made had the message been seasonably delivered and the contract made and performed. Such damages are too remote and speculative.

FROM the circuit court of Alcorn county.

HON. EUGENE O. SYKES, Judge.

The Adams Machine Company, appellee, was plaintiff in the court below; the telegraph company, appellant, was defendant there. From a judgment in plaintiff's favor, predicated of a

peremptory instruction, the defendant appealed to the supreme court.

The opinion of the court sets forth the allegations of the declaration, the evidence substantiating the same.

*Harris & Willing*, for appellant.

The declaration on its face shows that there was no complete contract, the contemplated sale being only conditional and dependent upon the plaintiff's guarantee that shipment would be made within thirty days. Whether such shipment would be made was purely speculative. It seems to be well settled by the authorities that if a telegraph company negligently fails to transmit or deliver a message relating to a sale or purchase, the profit or benefit expected to be made is too remote and speculative to be recovered when the contract is subject to be defeated by the will of another. Jones on Telegraph, etc., Companies, § 526.

The strongest view that can be taken of this case for the plaintiff is that, through the failure to deliver the message, it lost an opportunity to make a contract. It is well settled in this state that in such case claims for damages in the way of compensation for profits which might have been made if the contract had been completed, are too remote to make the telegraph company liable. *Johnson* v. *Telegraph Co.,* 79 Miss., 58, 29 South., 787.

The plaintiff's case lacks that element of certainty which forms the basis for proper recovery. The damages should be not only certain, but must have arisen from the telegraph company's failure to deliver the telegram in question. Thompson on Electricity, 391.

Plaintiff's case is readily distinguishable from *Alexander* v. *Telegraph Co.,* 66 Miss., 161, 5 South., 397. In the case cited, the contract was certain, and the profit was certain and would have been realized but for the telegraph company's failure to transmit and deliver the message promptly; there being a pos-

itive direction in Alexander's telegram to his agent, the sendee, to close the deal immediately. In the same case, on subsequent appeal, 67 Miss., 386, 7 South., 280, this court said: "The true ground of complaint developed by the evidence here is that the plaintiff delivered to the company a message directing and instructing Caruthers, his agent, to buy the lot, which message, if transmitted in due course of business would have enabled the plaintiff to purchase, at the price of $3,000, property worth $5,000, but which, by the negligence of the defendant, was not delivered until the opportunity to make the purchase had been lost." The *Alexander case,* therefore, went off on the ground that there was a positve direction to buy the property, and the sale was defeated by the negligence of the telegraph company; there being nothing contingent, nothing required to complete the transaction save the prompt delivery of the telegram to Caruthers who was specifically instructed to buy the property.

In the case at bar nothing was complete. The declaration itself states that the contract, if any, was contingent and to be completed *if* the plaintiff would guarantee a shipment within a specified time. The telegram was a request for information upon which to base a contract; and whether the contract would have been made was purely contingent.

In *Telegraph Co. v. Hall,* 124 U. S., 44, 31 L. Ed., 279, the message read: "Buy ten thousand if you think it safe. Wire me." This message was delayed, but the testimony was to the effect that if it had been promptly delivered, the party to whom it was addressed would have bought oil at $1.17 per barrel, which he could have sold the day following for $1.35 per barrel. The court said: "No transaction was in fact made, there being neither a purchase nor a sale; there was no actual difference between the sums paid and the sum of money received in consequence of it, which could be set down in the profit and loss account. All that can be said to have been lost was the opportunity of buying on November 9, and making a profit by selling on November 10." And to the same effect is the case of

*Richmond* v. *Western, etc., Tel. Co.,* 123 Ga., 216, 51 S. E., 290, citing *Beatty Lumber Co* v. *'Western, etc., Tel. Co.,* 52 W. Va., 410, 44 S. E., 309.

In *Walser* v. *Western, etc., Tel. Co.,* 114 N. C., 440, 19 S. E., 366, the message was as follows: "Would you accept receivership First National Bank of Wilmington, bond $35,000, compensation $200 per month subject to modification?" The plaintiff, the sendee, testified that he would have accepted the receivership, was anxious to get it, but by reason of his failure to answer the message, another party was appointed. The court held, in plaintiff's suit against the telegraph company, that he was entitled to recover no more than nominal damages; that there was no certainty that plaintiff would have been appointed to the position of receiver of the bank; and that the failure of the telegraph company to deliver the message meant merely that the plaintiff may have lost a position, this being speculative. The opinion of the court cited *Merrill* v. *Western, etc., Tel. Co.,* 78 Me., 97; *Clay* v. *Telegraph Co.,* 81 Ga., 285, 6 S. E., 813; and Thompson on Electricity, 321.

In *Clay* v. *Telegraph Co., supra,* a party wired to the plaintiff to come to a certain place prepared to do certain work. Plaintiff failed to get the message, and later sued the telegraph company for damages because of his alleged loss of the job. The Georgia court held that the plaintiff had lost only an opportunity of making a contract, and that he was accordingly entitled only to nominal damages; that the message in quesiton was merely a request for information upon which to base some contemplative but undisclosed action, and the damages alleged by plaintiff to have arisen from the telegraph company's failure to deliver the message were too remote.

In *Smith* v. *Telegraph Co.,* 83 Ky., 104, 4 Am. St. Rep., 126, a telegram from plaintiff's brokers announcing the price of certain stock was not delivered to the plaintiff, the sendee. Plaintiff testified that if he had received the message, he would have ordered the brokers to sell his holdings of such stock, and that,

as a result of his not learning the price in time, he had lost $5,800, which he could easily have saved by selling in proper season if he had been this properly advised by his brokers. The court held that the damages were too remote, saying, "There is an intervening step. If the telegram had been received, then plaintiff might or might not have taken action. It rested altogether with him." To the same effect is *Talliaferro* v. *Western, etc., Tel. Co.,* 54 S. W., 340.

In the case of *Kenyon* v. *Western, etc., Tel. Co.,* 100 Cal., 454, 35 Pac., 75, the telegram was as follows: "Col. A. J. Gason, Geary Street, San Francisco, Cal. Rennie will appoint you. Wire him, please. Urgent. S. A. Kenyon." Through an error in transmission of this message, it was not delivered for ten days after date of its acceptance by the telegraph company for transmission. Plaintiff claimed that he would have received an appointment to an office with a salary of $75 per month, which he lost by the company's failure to deliver the message promptly. The California court however held that the damages were too remote.

We do not deem it necessary to multiply authorities, for the principle is well settled in this state, as well as elsewhere, that there should be no recovery for the plaintiff's loss of a mere opportunity to make a contract. The principle is that the damages sued for do not naturally or necessarily arise from the wrong done; and are not the natural or proximate result of the telegraph company's breach of duty. *Johnson* v. *Telegraph Co., supra.* The rule rests upon the old and leading case of *Hadley* v. *Baxendale,* recognized by this court in *Vicksburg, etc., R. R. Co.* v. *Ragsdale,* 46 Miss., 458.

It is universally held that it is inadmissible for the plaintiff to testify what he would or would not have done in a contingency. *Weed* v. *Martin,* 89 Ala., 587, 8 South., 132; *Smith* v. *Telegraph Co., supra; Western, etc., Tel. Co.,* v. *Ferguson,* 51 S. E., 290. And damages sought to be recovered of a common carrier, arising from the failure to perform its contract of

service, must be within the contemplation of the parties at the very time the contract is entered into, and must also be such damages as naturally and necessarily flow from the breach of the contract. *Vicksburg, etc., R. R. Co.* v. *Ragsdale, supra; Western, etc., Tel. Co.* v. *Clifton,* 62 Miss., 207; *Johnson* v. *Western, etc., Tel. Co.,* 79 Miss., 58, 29 South., 787; *Western, etc., Tel. Co.* v. *Pallotta,* 81 Miss., 216, 32 South., 310; *Western, etc., Tel. Co.* v. *Pearce,* 82 Miss., 487, 34 South., 152; *Telegraph Co.* v. *Spratley,* 84 Miss., 86, 36 South., 188.

There are entirely too many "ifs" in plaintiff's way, for successful recovery in this case, and the action of the court below in awarding the peremptory instruction in plaintiff's favor was reversible error.

*Candler & Candler,* for appellee.

Why should plaintiff not have recovered? Has it not properly followed the legal procedure and the laws of the state in seeking redress of wrongs as alleged in the declaration and proof?

The case of *Alexander* v. *Western, etc., Tel. Co.,* 66 Miss., 161, 5 South., 397; 67 Miss., 386, 7 South., 280, has conclusively settled the law in Mississippi, and under this decision the plaintiff asks affirmance of the judgment.

Plaintiff lost more than an opportunity to make a contract. It lost a contract, and solely through the negligence of the defendant in failing to comply with its duty in the transmission and delivery of the message.

The proof shows conclusively that by failure on the telegraph company's part to comply with its contract of service and transmit and deliver the message promptly, plaintiff's contract was lost, and that the profit in the contract would have been $450. No surfeit of cases decided in other jurisdictions on different facts in issue can suffice to overturn the law in this state as laid down in *Alexander* v. *Western, etc., Tel. Co.,* 66 Miss., 161, 5 South., 397; 67 Miss., 386, 7 South., 280.

Calhoon, J., delivered the opinion of the court.

The declaration of appellee avers that it lost $450, which would have been profits, if it had manufactured certain machinery; that its salesman, Barnes, contracted with a firm in Marthasville, La., to sell them the machinery "provided the plaintiff would guarantee shipment of said machinery from Corinth, Miss., to Marthasville, within thirty days." Accordingly, the declaration avers, and the proof shows, that the agent delivered for transmission at the office of appellant in Marthasville a telegram in the following words: "Will you guarantee shipment 50 H. P. boiler 40 H. P. engine No. 4 mill 78 S. G. Edger in thirty days"—properly signed. This telegram was never delivered, and, as before said, the claim is specifically for $450, the profit which would have been made if the telegram had been received and the contract closed.

It is plain that the making of the contract was not completed, and it is plain, also, that the evidence to the effect that the machinery company would have accepted the proposition was not competent. It is also plain in this case that the machine company had only lost an opportunity of making a proposed contract. Profits cannot be recovered, according to the uniform trend of the authorities, unless they are such as grew out of a contract perfected. The cases of *Alexander* v. *Telegraph Company,* 66 Miss., 161, 5 South., 397, 3 L. R. A., 71, 14 Am. St. Rep., 556, and *Id.,* 67 Miss., 386, 7 South., 280, are not like this case, because there Alexander's agent had an offer to sell him land at a specific amount, and asked Alexander, if he wanted the land at that price, to inform him at the day fixed of his acceptance. Alexander answered: "Get option until Monday if you can, if not, close trade and fix papers." So we have in that case an obligation which would have bound Alexander if the trade had been closed according to instructions. The trade was not so closed because of the nondelivery of the telegram, and the specific damages were proved to be the difference in values of the property. The court held there that the dam-

ages claimed did not fall within the general line of decisions as being too speculative, but were actual damages resulting "directly and naturally from the breach of duty and contract upon which the complaint is founded," and that they might be established "with as near absolute certainty as any class of damages."

We are unable to distinguish the case in hand from the case of *Johnson* v. *Telegraph Co.,* 79 Miss., 58, 29 South., 787, 89 Am. St. Rep., 584, in which case the telegram was: "We have a million yards, pay both ways; work Georgiana, Alabama. Do you want any? Hancock will be in Georgiana after Thursday. Speak quick." The telegram was never delivered, and the declaration averred that Johnson wanted work, and would have gone to Georgiana and made money, which he lost because of the nondelivery; and this court in that case said: "We think the damages here are too remote to be recovered. If the telegram had been received, it only gave the appellant an opportunity of making a contract for railroad work, which he might or might not have made." This decision is exactly in line with all the well-considered authorities which we have been referred to. We now cite: *Telegraph Co.* v. *Hall,* 124 U. S., 444, 8 Sup. Ct., 577, 31 L. Ed., 479; *Richmond* v. *Telegraph Co.,* 123 Ga., 216, 51 S. E., 290; *Walser* v. *Telegraph Co.,* 114 N. C., 440, 19 S. E., 366, and cases it cites; *Clay* v. *Telegraph Co.,* 81 Ga., 285, 6 S. E., 813, 12 Am. St. Rep., 316; *Smith* v. *Telegraph Co.,* 83 Ky., 104, 4 Am. St Rep., 126; *Kenyon* v. *Telegraph Co.,* 100 Cal., 454, 35 Pac., 75; 27 Am. & Eng. Ency. of Law (2d ed.), 1061.

*Reversed and remanded.*