HORACE E. HALL, *Plaintiff in Error*, v. WESTERN UNION TELEGRAPH COMPANY, A CORPORATION, *Defendant in Error*.

1. Where a declaration states a cause of action for at least nominal damages, improper elements of damages alleged therein are properly reached by motion to strike or to amend under the statute, or by objections to testimony, or by charges of the court to the jury.

2. Where a telegraph company receives payment for the transmission of messages but sends the messages collect, and damage proximately results therefrom, a recovery may be had as in other cases of delict.

3. Where the acceptance of a mere offer to sell property not yet purchased depends upon the independant will of the addressee there can be no recovery for the loss of contemplated profits from a telegraph company for improperly transmitting the offer.

4. In an action ex delicto where it cannot be reasonably ascertained whether the delict complained of was a proximate cause of the injury alleged there can be no recovery.

5. In an action for damages alleged to have been caused by the mere negligence of one engaged in performing a public service as to which service the law may imply a contract or impose a duty, the damages for which recovery may be had are such as naturally and ordinarily arise out of or flow from the negligence, or such as may reasonably be supposed to have been contemplated at the time of the negligence as a probable result of it.

This case was decided by the court En Banc.

Writ of error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*H. L. Anderson* and *H. M. Hampton,* for Plaintiff in Error;

*John E. Hartridge,* for Defendant in Error.

WHITFIELD, C. J.—The declaration contains several counts in which it is alleged in brief that Hall delivered to the telegraph company several messages to be transmitted to commission houses in cities in different States. "And paid to the agent representing the defendant * * * the toll or charge of the defendant for transmitting the said several messages aforesaid, * * * that said several messages related to, and contained offers to sell by plaintiff to the said several commission houses, aforesaid, fruits, vegetables and produce, which plaintiff avers said commission merchants would have accepted but for the wilful and fraudulent acts of the defendant," in that plaintiff had built up and enjoyed a good business with the said commission houses, that it was necessary to communicate with them by wire over defendant's line, that it was customary and proper for the plaintiff to prepay charges, that though the charges were prepaid, the defendant wilfully and fraudulently transmitted the messages as collect messages, and collected again for the same, by reason whereof the plaintiff was injured because as the messages were sent collect, the said commission houses paid the charges and refused to do business with plaintiff, or to advise him of the receipt of the telegrams, whereby plaintiff was prevented from purchasing and selling large quantities of fruits, vegetables and produce to said commission merchants as the market existed; and that at the time plaintiff could have purchased and sold to said merchants at a profit large quantities of fruits and produce, and but for the failure of defendant to send the messages

as paid messages plaintiff would have purchased and sold at a reasonable profit, and that by reason of the said wilful and fraudulent acts of defendant, the plaintiff has suffered damages &c. In other counts damages to plaintiff's reputation and for loss of time in waiting for replies to his telegrams are alleged. A demurrer to the declaration having been overruled, a trial was had on a plea of not guilty.

The telegrams were introduced in evidence, a fair sample of them being as follows: "Offer thirteen twenty three average kalbs hundred dollars if quick." Upon objection being made, the court excluded proffered evidence by the plaintiff that by reason of sending the messages collect when they had been paid for, the addressees refused to do further business with plaintiff, or to reply to the telegram; that plaintiff had arranged to purchase the articles referred to in the telegrams and that by reason of defendant's act the plaintiff lost sales to the addressees of the telegrams and was thereby damaged and that by reason of defendant's acts, the plaintiff lost eleven days waiting for replies to his telegrams, for which damages are claimed. The court directed a verdict for the amount prepaid and interest thereon, agreed to be eight dollars. Judgment was entered for this amount and costs and the plaintiff took writ of error. There was no offer to prove a wilful or fraudulent act of the defendant.

The demurrer was properly overruled as a cause of action for at least nominal damages was stated. Where improper elements of damages are alleged, the proper remedy is by motion to strike or to amend, or by objections to testimony, or by charges of the court to the jury. Hildreth v. Western Union Tel. Co., 56 Fla. 387, 47 South. Rep. 820.

It may be conceded that if damage proximately re-

sulted to the plaintiff from the defendant's act in sending the messages collect when they had been prepaid, a recovery may be had as in any other delict.

In order to recover other than nominal damages it should appear (1) that the defendant breached its duty; (2) that the plaintiff actually sustained substantial financial loss; (3) that the loss as alleged was such that from the telegrams or other information imparted to the defendant, it should reasonably have been regarded as naturally and ordinarily to result from the defendants act, or such as may reasonably under the circumstances stated be supposed to have been contemplated at the time as the probable result of the defendant's act; (4) that the loss as alleged would not have occurred but for the act of the defendant that is complained of; (5) that the loss as alleged is not remote, conjectural or contingent, and is capable of reasonably certain ascertainment.

The character of the messages in this case clearly indicates that important business matters were referred to, yet it cannot be said that the improper transmission of the messages proximately caused the special losses alleged, since the messages were merely offers to sell property that had not been purchased, but by the purchase and sale of which the plaintiff expected to make a reasonable profit, if the offers were accepted.

The offers were not accepted and it does not appear that it can be proven with any degree of certainty that the failure to accept was caused by the fact that the messages were sent collect. If the messages relate to important business transactions, and the addressees desired to accept the offers made, it does not seem reasonable that the offers were not accepted merely because the messages were not sent prepaid. The acceptance of the offers depended upon the independent will of the addressees and this contingency precludes recovery, even

if the alleged loss of contemplated profits is susceptible of reasonably certain ascertainment. Beatty Lumber Co. v. Western Union Tel. Co., 52 West Va. 410, 44 S. E. Rep. 309; Bashinsky v. Western Union Tel. Co., 1 Ga. App. 761; Western Union Tel. Co. v. Adams Mach. Co., 92 Miss. 849, 47 South. Rep. 412.

This case is essentially different from Western Union Tel. Co. v. Milton, 53 Fla. 484, 43 South. Rep. 495, 125 Am. St. Rep. 1077, as in that case "The message contained no element of speculation or contingency. The plaintiff was not buying for speculation, but bought at a stated price for another who was to take at that price." Here there was no purchase but only an alleged opportunity to buy and sell at a profit *if the offer to sell had been accepted.* The contingency of acceptance depended on the will of the addressees which renders the claim for damages remote and conjectural even if the profits anticipated could be shown with reasonable certainty. The direct cause of the loss to the plaintiff, if any, was the failure to accept the offers not the act of the defendant, and it cannot be said with any degree of certainty that the failure to accept the offers was caused by the sending of the messages collect when they were prepaid; and where it is uncertain whether the act complained of was the proximate cause of the loss there can be no recovery. This case is unlike Fererro v. Western Union Tel. Co., 9 App. Cas. D. C. 455, 35 L. R. A. 548, as in that case the addressee accepted the offer. Even there the alleged loss of business was held to be too remote and speculative as a basis for damages.

There is nothing in the messages as worded and no other information was imparted to the defendant from which it should reasonably have contemplated that by the improper transmission of the messages the plaintiff would be "compelled to lose" eleven days "during the

heart of the watermelon season in Florida." See Williams v. Atlantic Coast Line R. Co., 56 Fla. 735, 48 South. Rep. 209.

One who commits a trespass or other wrongful act is in general liable in damages for all the consequences directly resulting from the tort, whether foreseen by the wrong doer or not, if the wrongful act is not interrupted by the intervention of an independent procuring or efficient cause, without which intervening cause the injury or loss would not have ensued and the plaintiff is not at fault. But in actions for damages alleged to have been caused by the mere negligence of one engaged in performing a public service as to which the law may imply a contract or impose a duty, the damages for which recovery may be had are such as naturally and ordinarily arise out of or flow from the negligence, or such as may reasonably be supposed to have been contemplated at the time of the negligence as a probable result of it. Western Union Tel. Co. v. Merritt, 55 Fla. 462, 46 South. Rep. 1024.

The judgment is affirmed.

All concur, except TAYLOR, J., absent on account of illness.