WESTERN UNION TELEGRAPH COMPANY v. PATTY DRY GOODS
COMPANY.

[51 South. 913.]

TELEGRAPH COMPANY. *Non-delivery of message. Damages. Speculative not recoverable.*

A plaintiff who, having received a letter offering to rent him a storehouse, replied by telegram, "We want building, hold same, letter by mail," cannot recover of the telegraph company for nondelivery of the message, the costs for its transmission having been refunded or tendered, since the contract would have remained incomplete had the message been delivered and speculative damages will not be awarded.

FROM the circuit court of Noxubee county.

HON. JOHN L. BUCKLEY, Judge.

The dry goods company, appellee, was plaintiff in the court below; the telegraph company, appellant, was defendant there. From a judgment in plaintiff's favor, predicated of a peremptory instruction, defendant appealed to the supreme court. The defendant tendered plaintiff the costs for transmitting the message and kept its tender good by paying the money into court. The other facts are stated in the opinion of the court.

*Bozeman & Fewell,* for appellant.

The damages proven or sought to be proven by the plaintiff were the purest speculation and could not under the circumstances of this case be recovered in this suit.

The peremptory instruction to find for the defendant should have been granted by the court, because the damages sought to be recovered were not contemplated by the parties. The evidence was that nothing was said to the operator when the

message was delivered to him with reference to its importance. The decision on this proposition cannot be misunderstood, and the question is not open for argument in this state. *Telegraph Co. v. Clifton,* 68 Miss. 307; *Jacobs v. Postal Telegraph Co.,* 76 Miss. 278; *Johnson's case,* 79 Miss. 60.

"The damages to be recoverable must be such as can fairly be said to have entered into the contemplation of the parties at the time of the making of the contract."

It cannot be said from this record that any such damages as were claimed in this case were such "as could be fairly presumed to have entered into the minds of the parties, both parties, at the time of the filing with the agent of the company the telegram."

This case falls squarely into the principle that there was only a possibility or probability of a contract. There was no binding contract made by the telegram in question. Note the terms of same: "We want building, hold same, letter by mail." Is this an unqualified acceptance of any proposition of itself. What was the proposition? Was the proposition made known to the telegraph company? Was the proposition submitted by telegraph and thus put the company on notice? We say not. Nothing appears in the evidence by which it could even be inferred that the company knew of any proposition.

"We want building; hold same; letter by mail." Was there something else to be done before either party could have maintained an action on the contract in event same had been delivered? There had to be an acceptance, unconditionally. This telegram speaks of a "letter by mail," Doesn't this of itself show that there was a something else to be done or left open? Why should a letter be mailed if this telegram of itself affected and closed a binding contract, enforceable contract between the parties?

This letter referred to as "letter by mail," shows that no binding contract was intended to be made by the telegram in question.

And then later, to wit, on the 16th day of May thereafter another telegram was sent by the plaintiffs here, which indicates that they did not understand that a contract, full, complete, and binding, had been made in their telegram of the 9th instant. *Telegraph Co. v. Adams,* 92 Miss. 849, 47 South. 412.

*T. W. Brame,* for appellee.

It is contended that the telegraph company certainly would not have been informed by the wording of the message as to its importance, and for that reason are not liable. We submit that any telegram which recites the following language: "We want building, hold same, letter by mail," surely was sufficient of itself to show that it was an important telegram. "We want building, hold same" would show that the sender was anxious to procure the building, and by sending a telegram it would indicate that they wanted to inform the sendee at once, without delay, that they wanted the building, and that they wanted the sendee to hold it for them, and that they were not willing to risk the delay of a letter by ordinary mail, and sought the company's agent with a view of taking advantage of quick facilities of transporting the message of so much importance, as quickly as possible. But it is contended that there can be no recovery in this case because this message was not an unqualified acceptance of any proposition made to the sender by the sendee. In the case of *Western Union Telegraph Co. v. Adams Machine Co.,* 92 Miss. 849, 47 South. 412, the court said that the difference between that case and the *Alexander case* is, that Mr. Alexander telegraphed, and the telegram was such a telegram as would have held Alexander to the trade. Now, take this telegram: "We want building, hold same."

Isn't that sufficient to have held the Patty Dry Goods Company to a contract to take that building? Mounts thought so. Mounts says that he would not have rented the building but have held the same for the Patty Dry Goods Company.

SMITH, J., delivered the opinion of the court.

This is an appeal from judgment in the court below awarding appellee damages, alleged to have been sustained ·by it, by reason of the failure of appellant to deliver a telegram sent by appellee.

Appellee was a corporation engaged in a mercantile business at Macon, Miss., and intended to move to the state of Oklahoma and engage in a similar business there. On May 5, 1907, appellee received the following letter from Stinson & Mounts, a partnership engaged in the real estate business in Frederick, Okla.:

"Mr. R. C. Patty, Macon, Miss.        "May 5, 1907.

"Dear Sir: Your letter, addressed to Mr. R. J. Kato, handed to us for attention. Mr. Kato requested us to advise you that he would be unable to put up the building that you would desire. We have a building now under construction, which will be completed within the next fifteen or twenty days, 27½x90 ft. It is the block just west of Mr. Kato's property, which would be three doors from the corner, the First National Bank being the corner building. That we can rent you for $75 per month. This is well-located property, and, if you desire same, advise us by telegram upon receipt of this letter, and we will hold same until you can make a trip of investigation. Several parties are wanting this building, but we will wait until we hear from you before closing a contract. We enclose you herewith a diagram showing the location of this property relative to the property of Mr. R. J. Kato. We trust that we will hear from you immediately. We are, yours truly,

.        "Stinson & Mounts."

In reply to this letter appellee delivered to appellant's agent at Macon, Miss., a telegram addressed to Stinson & Mounts, which telegram was never delivered to the said Stinson & Mounts. The telegram read as follows:

"Macon, Miss., 5—9—07. Stinson & Mounts, Frederick, Oklahoma. We want building; hold same; letter by mail.

"R. C. Patty."

R. C. Patty was a member of appellee corporation, and this telegram was signed by him for and at the request of said corporation.

The letter referred to in the telegram, and which was duly mailed and received by Stinson & Mounts, was as follows:

"Macon, Miss., May 9, 1907.

"Stinson & Mounts, Frederick, Okla.

"Dear Sirs: We beg to acknowledge receipt of your valued favor of the 5th inst., in which you offer us the refusal of your store building to be furnished about the 1st of June. We immediately telegraphed you we wanted the building and desired you to hold same for us. You failed to inclose diagram of location, but we think we remember pretty well the location. We suppose the $75 per month rental means a completed store, with modern shelving and counters, ready for occupancy, etc. We would like to suggest one thing, and that is the inside painting be all pure white. We shall expect the rent to begin August 1st., if all things shall be in readiness for us, and agreeable to you. Hoping to hear from you, and to know the deal is closed, yours truly.

"Patty D. G. Company."

When the letter was received, Stinson & Mounts had disposed of the building, and it became necessary for appellee to secure another building, thereby incurring certain alleged expense and damage. At the close of the evidence the court refused to grant appellant a peremptory instruction, but granted one for appellee. Had this telegram been delivered, no contract for

the building would thereby have been completed, and, for that matter, no such contract was completed by the letter which followed the telegram. The case, therefore, falls squarely within the principle announced in *W. U. Tel. Co. v. Adams Mach. Co.,* 92 Miss. 849, 47 South. 412, and the peremptory instruction requested by appellant should have been given.

*Reversed and remanded.*