POSTAL TELEGRAPH & CABLE Co. *v.* C. W. CROOK & COMPANY.

[63 South. 350.]

TELEGRAPHS AND TELEPHONES. *Message. Delay. Damages.*

Where plaintiff wired a cotton factor asking quotations on certain grades of cotton he desired to sell and the reply was unduly delayed in delivery by the telegraph company, plaintiff could not recover the difference in the price quoted him and the price at which he was afterwards compelled to sell as such damages are too remote and uncertain.

APPEAL from the circuit court of Newton county.

HON. C. L. DOBBS, Judge.

Suit by C. W. Crook & Company against the Postal Telegraph and Cable Company. From a judgment for plaintiffs, defendant appeals.

This is an appeal by the telegraph company from a judgment rendered against it in favor of appellees, based upon a claim for damages alleged to have resulted from the negligent failure of the agent of the telegraph company to transmit promptly certain telegrams between appellees at Newton, Mississippi, and Latham, at Greensboro, North Carolina. The record shows that appellees sent Latham telegrams asking quotations on certain

grades of cotton and replies to said messages were delayed. Some time afterwards appellees sold their cotton for a sum less than was quoted them by Latham in the delayed telegram. Suit was brought to recover the difference in the price quoted, and the price for which appellees sold their cotton at a subsequent date. The defense relied upon is that there was no contract between appellees and Latham, but merely an inquiry as to the price that Latham would pay, and therefore the profits, if any, were merely speculative, since there was nothing to indicate an acceptance of price quoted, but appellees were merely given an opportunity to enter into a contract, and hence the telegraph company was not liable for damages for any amount whatever. Defendant asked the court to instruct the jury that plaintiffs were not entitled to recover any actual damages, which instruction was refused, and the refusal assigned as error.

*Flowers, Alexander & Whitfield,* for appellant.

We most seriously insist that the cause must be remanded for new trial because of the following reason: The telegrams do not disclose any binding contracts of any kind; the telegrams are merely offers; merely options. There is no delayed telegram or undelivered telegram saying that the recipient of former message accepts some prior proposition or offer made. There is no telegram which accepts any quoted price. There is here no case of the nonresident wholesale cotton man up north saying "we offer you such and such a price," in return to which an answer is sent "we take it." In short, there is never here any offer followed by an acceptance. The offers are merely options.

Now one cannot recover damages of a telegraph company for its failure in delivery of a message as result of which failure profits are lost. This supreme court has so held. *Johnson* v. *Telegraph Co.,* 79 Miss. 58. Yet the present case is one wherein under pleading and evidence,

damages for alleged profits lost by failure to deliver telegrams extending option to be accepted or rejected, are demanded against the company. The declaration says that if plaintiffs had received the sundry messages, they would have accepted the offers made by the nonresident parties. Now, what were such offers save options? They could be for a very short time either accepted or refused. The nonresident party expressed willingness to buy for a short season, a day. If the plaintiffs, as probable sellers, declined the offers of purchase, they, the plaintiffs, were in no way liable to the nonresident. Hence the messages were merely tokens or evidences of options. And we plant ourselves on the *Johnson case, supra,* 79 Miss. 58, as showing that the failure of the company to so deliver the messages (offers) did not legally make the company liable. This is not like the Alexander case, where a definite land matter was involved (66 Miss. 161). Nor is it one where definite gains were prevented, as in the *Fairley case,* 73 Miss. 6. It is merely a case where the sendee is extended an option. And accordingly the Johnson case is in point. For, what are the alleged damages? Are they not claims for loss of profits? Mind you, there is nowhere any showing that the plaintiffs were absolutely compelled to hold their cotton or to deal exclusively with the two nonresident parties with whom they were in telegraphic communication. Plaintiffs could not be bound to the nonresidents by the offers or by the wording of the telegrams. Nor could the nonresidents be bound after they sent their offers of purchase until their optional offers were actually accepted by the plaintiffs. And as the supreme court in the Johnson case distinctly said that "damages for profits lost by the failure to deliver a telegram giving sendee option to accept a contract are remote and uncertain, and may not be recovered," it must follow that the judgment below was erroneous.

Please bear in mind that each and every instruction granted in favor of plaintiff distinctly overrode the doc-

trine of the Johnson case, and, instead, and erroneously, set forth that the plaintiffs might conditionally recover "for all damages," there being no exception or restriction as to the matter of loss of profits, etc.

What are plaintiffs suing for here? The declaration says "that they lost the benefit of said offers." That is to say, they lost the benefit of the offers made in the delayed or nondelivered telegrams. Yet, how comes it that they lost? And in what way did the company become liable for such losses? Could not the plaintiffs have sold elsewhere? Where, in the whole record does it say that plaintiffs, with due diligence, could not sell the cotton? If the lower prices later developed, why did the plaintiffs have to sell? They actually had the cotton, six hundred and eighty-eight bales on hand? Why should they elect to sell on a lower and later market (instead of holding firm) and then charge this company with liability for loss of profits or losses of any other kinds, when they, in our opinion fail to show that they could not have sold elsewhere or on other terms subsequently? These questions are pertinent.

Why did the plaintiffs lose any money at all? Why were they forced (if at all) to lose? The record is silent as to this. On page 46 of the record is a statement of how some of the alleged loss accrued. But the record fails to disclose why the plaintiffs were ever made or forced or required to sell at any loss. How do we know what the market price was at the time of sale? How do we know that the plaintiffs, when they sold, sold at market price? It is true that in the record, plaintiff states that he gave the company the benefit of the best price obtainable. But why did he sell at all?

Plaintiffs cannot recover. They say: If we had received certain telegrams; and if we had accepted such offers as these telegrams received; and if we had sold our cotton at the prices of the telegrams' quotations; then we would have made certain benefits (the declaration

phrases it as "the benefit of said offers"). There are too many ifs.

They did not accept the terms by any subsequent terms or subsequent telegrams, after they did get knowledge of the alleged offers. They never accepted the offers of the nonresident prospective purchasers. They vaguely say that market prices close at night, or something like that.

Plaintiffs never attempted to reduce damages. Here, if anything, plaintiffs merely lost the opportunity to make an advantageous sale or sales. Opportunity is a fine thing. But opportunity is not marketable. This court has said that "a telegraph company is not liable for failure to properly transmit and deliver a telegram sent by a contractor which failure caused him to lose the contract, where there was no completed contract and where the plaintiff lost only an opportunity to make an advantageous contract." *W. U. Telegraph Co.* v. *Webb,* 48 So. 408.

*S. A. Witherspoon, Jr.,* for appellee.

It is reiterated over and over again in appellant's brief that the plaintiff's damages in this case were anticipated profits. Such is not the case. Profits in a sale mean the difference between the cost price and selling price. Plaintiff does not found his case upon any such thing here.

In the case of *Postal Telegraph Co.* v. *Willis,* 47 So. 380, Willis was not damaged by the negligence of the telegraph company because he had allowed the New Orleans dealer to retract their acceptance of his offer before he had received said acceptance.

In the case of *Rhett* v. *Western Union Tel. Co.,* Rhett was not damaged at all, because the dealers in France agreed to take the cotton; the damages were to the French dealers, not to Rhett. Rhett & Co., admitted that they lost nothing. 50 So. 696.

In the case of *Fairley* v. *Tel. Co.,* 73 Miss. 6, the plaintiff, who was a physician in the city of Jackson, received

a message from one T. H. Thornton requesting him to come at once to Sandersville to attend sender's sick wife. The message was unreasonably delayed and Fairley, on inquiring by telegram whether it was still necessary for him to come, was informed that Mrs. Thornton was better and it was no longer necessary. He sued the telegraph company for seventy-five dollars, the reasonable fee he might have earned but for the telegraph company's negligence, the court below held that he was not entitled to recover said fee.

On appeal, the supreme court reversed said ruling, using the following words: "The negligence of appellee in failing to deliver the telegram was found as a matter of fact by the learned court below and of this appellee does not complain. The fee, which appellant thus lost by appellee's negligence, is recoverable; for gains prevented are not to be distinguished, in principle, from losses sustained in case of this character. Reversed and remanded."

In the case of *Alexander* v. *Western Union Tel. Co.,* 66 Miss. 161, every argument made by appellants in their brief is expressly overruled. It was a case where C. H. Alexander delivered to the telegraph company a telegram addressed to the owner of a lot at Chattanooga a message in the following words: "Yours of 3rd received. Get option till Monday if can, if not, close trade and fix papers." This was in answer to a letter offering the lot at three thousand dollars and asking a response that day. Through the negligence of the company the message was not delivered until the next day.

It was alleged in the declaration that Alexander would have procured a good title to the lot had the message been promptly transmitted, and that the lot was worth five thousand dollars or two thousand dollars more than the price at which it was offered to him.

Under these facts as alleged in the declaration the court held: First, that the fact that Alexander's tele-

gram was not the acceptance of an offer and that the delayed telegram would not form any binding contract between seller and buyer was immaterial. It being alleged that they would have procured a good title to the lot, but for the delay in the message, such fact is capable of proof and the damages can be established with reasonable certainty; second, that such damages are not speculative and contingent but result directly from the breach of duty; third, that telegraph companies undertake to serve the public and are under obligation to perform their contracts without negligence or unreasonable delay; that the law imposes liability upon them in damages for losses that may be traced directly or with reasonable certainty to their negligence.

This case is on all fours with the case at bar, and counsel for appellant could draw no distinction between it and the case at bar, except that it involves "land matters" while the case at bar involves cotton; we submit that cotton stands as high in this state as land. *McLaurin case,* 70 Miss. 26; *Johnston case,* 79 Miss. 58.

The cases of *Sulton* v. *The Telegraph Co.,* 92 Miss. 785 and *Adams Machine Co.* y. *The Telegraph Co.,* 92 Miss. 849, are two cases both decided at the March term of supreme court in 1908, which, if considered merely as to what was necessarily involved in each case and disregarded certain dicta in the Adams Machine Company's case illustrate perfectly the true rule and the rule adopted by the courts of this state as to when damages of the character involved in the present suit may be and may not be recovered.

SMITH, C. J., delivered the opinion of the court.

Since the only actual damage claimed by appellees is the difference between the price offered for the cotton by Latham and that at which they were compelled to sell it, the court below erred in not granting the instruction requested by appellant, charging the jury that appellees

were "not entitled to recover any actual damages." *Johnson* v. *Telegraph Co.*, 79 Miss. 58, 29 So. 787, 89 Am. St. Rep. 584; *Telegraph Co.* v. *Adams Machine Co.*, 92 Miss. 849, 47 So. 412; *Telegraph Co.* v. *Patty Dry Goods Co.*, 96 Miss. 781, 51 So. 913.

*Reversed and remanded.*