## DOWLING v. WESTERN UNION TEL. CO.

## WESTERN UNION TEL. CO. v. DOWLING.

Nos. 3253, 3254.

Circuit Court of Appeals, First Circuit.

Nov. 9, 1937.

Charles Ingram and Ingram & Ingram, all of Lynn, Mass., for James Dowling.

Arthur P. Hardy, of Boston, Mass. (Hardy, Hall & Iddings, of Boston, Mass., and Francis R. Stark, of New York City, on the brief), for Western Union Telegraph Company.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

These are cross-appeals in an action brought by Dowling, whom we shall refer to as the plaintiff, against the telegraph company to recover damages for its failure to deliver a message sent to him by one Deshler. The District Judge instructed the jury that the plaintiff could in no event recover more than $500, the limitation on damages for unrepeated messages under the regulations of the defendant approved by the Public Utilities Commission. The defendant requested the court to rule that the plaintiff could recover only nominal damages. The plaintiff obtained a verdict for $500 limited in accordance with the instruction. The defendant appeals from the refusal to rule that only nominal damages were recoverable; the plaintiff appeals from the ruling limiting the amount of his recovery.

The plaintiff's evidence showed the following facts: He was by occupation a baker and at the time in question was out of employment. Accompanied by his friend Deshler he called on the proprietor of a bakery in Franklin, Mass., looking for work. The three discussed the employment of the plaintiff to take the place of another baker then working there whose services were to be terminated. During the conversation the proprietor stated that he was willing to pay $40 per week for the services of a baker. Shortly afterwards the proprietor notified Deshler that the expected vacancy had occurred and that he was ready to employ another baker. Deshler thereupon telephoned to an office of the defendant the message to the plaintiff on which this action is based. At that time he notified the defendant's clerk who accepted the message that it was being sent to a friend who had an opportunity of employment as a baker, and that it was essential that the message be delivered as soon as possible. It was sent as a straight unrepeated message. It read "Call Charlie Deshler at once Blue Hills 0820 (signed) Charlie." This message was not delivered. The proprietor of the bakery testified that after waiting two days to hear from Deshler he hired another man; and that he has continued in the same business ever since. There was no direct evidence as to how long or for what period of time the plaintiff would have been employed if he had promptly applied for and received employment as a baker in the bakery at Franklin. The plaintiff testified that he had been unable to obtain steady employment up to the time of the trial.

As to the defendant's appeal: The defendant's liability depends on the character of the message sent. Obviously it was not an offer of employment from the proprietor of the bakery. An understanding may be implied from the circumstances that the proprietor of the bakery intended Deshler to inform the plaintiff of the vacancy, but no offer of employment was made to the plaintiff through Deshler. The most that could be said was that if Deshler should inform the plaintiff of the vacancy and if the plaintiff should apply for the place his application would be favorably considered. The nondelivery of the telegram prevented the plaintiff from making the application.

The case is by no means of the first impression, many similar ones have arisen. The law is well settled that where a telegraph message relates to a proposed contract between plaintiff and another person, but is neither an acceptance of a previous offer nor itself a definite offer, but only an invitation to submit an offer or to meet or correspond with the sender for the purpose of further negotiation, the failure duly to deliver the message is not, as a matter of law, the proximate cause of the failure of the negotiations to result in a binding contract; and, damages for the loss of a contract which might or might not have resulted from further negotiations being too remote and uncertain, only nominal damages can be recovered. See 37 Cyc. pp. 1760, 1761. "The courts have held strictly to the rule that the mere probability that a certain event would have happened, upon which a claim of damages is predicated, will not support such a claim nor furnish the foundation for an action for such damages. The damages which are recoverable for the alleged negligence of a telegraph company in not delivering a telegram, the receipt of which on time would have enabled the person to whom it should have been promptly delivered, to make an advantageous contract, *must be such damages as would follow as a legal certainty from the negligent act of the company,* and not merely those damages the accruing of which would depend upon the act of some third person which might or might not be done." (Italics supplied.) McQuilkin v. Postal Telegraph Cable Co., 27 Cal.App. 698, 151 P. 21, 22; see too Johnson v. Western Union Telegraph Co.,

79 Miss. 58, 29 So. 787, 89 Am.St.Rep. 584.

Moreover, the contract which the plaintiff claims he lost by the nondelivery of the message was not one for the loss of which substantial damages could be recovered. His employment, had he obtained it, was subject to termination at any time at the will of his employer or himself. For the loss of a contract of this character substantial damages cannot be awarded; they are too uncertain and speculative. In Merrill v. Western Union Telegraph Co., 78 Me. 97, 2 A. 847, 848, there was a verbal contract that the plaintiff was to be employed at $2.21 per day. The message notifying the plaintiff of this employment was not delivered and he lost the opportunity to be employed. It was held that the telegraph company was not liable beyond nominal damages on the ground that "Under the terms of the contract in proof, he was liable to be dismissed from his employment as soon as he had entered upon it, and it cannot be known what damages he has suffered in the premises." In Kenyon v. Western Union Telegraph Co., 100 Cal. 454, 35 P. 75, 76, an applicant for an appointment as deputy assessor lost the appointment because of the delay in a telegraph message. He was held entitled to recover only nominal damages. "A deputy is appointed to hold during the pleasure of the officer appointing him. * * * The allegation, therefore, that he would have received the appointment, is not an allegation that he would have been retained for any definite length of time; nor could such allegation be made. * * * As damages ,or compensation must be measured by the loss sustained, where that loss cannot be ascertained damages cannot be recovered." In McQuilkin v. Postal Telegraph Cable Co., supra, it was said that "the courts have held strictly to the rule that the mere probability that a certain event would have happened, upon which a claim of damages is predicated, will not support such claim nor furnish the foundation for an action for such damages."

See too Wilson v. Western Union Telegraph Co., 124 Ga. 131, 52 S.E. 153; Larsen v. Postal Telegraph Cable Co., 150 Iowa 748, 130 N.W. 813; Savage v. Western Union Telegraph Co., 120 Kan. 258, 242 P. 1015; Kenyon v. Western Union Telegraph Co., 100 Cal. 454, 35 P. 75.

The Massachusetts statute bringing telegraph companies under the jurisdiction of the Department of Public Utilities (G.L. Mass. (Ter.Ed.) c. 159, §§ 12, 18, 19) does not increase the defendant's common-law liability in this respect.

In each case:

The judgment of the District Court is reversed and the case is remanded to that court, with instructions to enter judgment for nominal damages.