C. V. HARROD, Appellant, v. C. A. WINEMAN, Appellee.

Contract for personal services: BREACH OF CONTRACT: DAMAGES: PLEADING. Where nonpayment constitutes the very breach of a contract for which a plaintiff is demanding recovery, he must allege the nonpayment to constitute a cause of action; but where the breach of a contract for personal services relied upon is the wrongful discharge of plaintiff, and the recovery sought is damages because of such discharge, it is not necessary for plaintiff to anticipate the defense by alleged nonpayment.

Same: TERMINATION OF EMPLOYMENT: DAMAGES. A contract of indefinite employment may be abandoned at will by either party without incurring liability for damages; and this rule is not affected by a provision of the contract that should defendant sell his business within a specified time he would pay plaintiff a certain sum in addition to salary, as compensation for loss of time and position if the purchaser did not retain him in his services.

*Appeal from Polk District Court.*—HON. JAMES A. HOWE, Judge.

FRIDAY, APRIL 8, 1910.

PETITION at law to recover damages for breach of defendant's contract to furnish plaintiff employment. The facts are stated in the opinion. Demurrer to petition sustained, and plaintiff appeals.—*Affirmed.*

*L. A. Smyres,* for appellant.

*Dunshee & Haines,* for appellee.

WEAVER, J.—On June 30, 1908, plaintiff and defendant entered into a written contract, whereby defendant employed plaintiff to manage and conduct a laundry busi-

ness, for which service defendant undertook to pay plaintiff a weekly salary of $30. The contract contains no stipulation as to the period of such employment or the time when the contract relations of the parties should terminate, unless it be found in a clause which reads as follows: "In the event that the said Wineman should sell or dispose of the said laundry within sixty days from this date, the said Wineman agrees to pay to the said Harrod the sum of one hundred and twenty dollars ($120) in addition to the salary due him as compensation for loss of time and place, provided the purchaser of said laundry does not retain the service of said Harrod." Plaintiff's petition alleges that he went to work under the contract and continued therein until July 15, 1908, when the defendant wrongfully discharged him and refused to furnish him the agreed employment. By reason of this breach of the contract, he avers he has been thrown out of employment, and, though diligently seeking other work, he has been unable to procure it, and asks compensation in damages. To this petition defendant demurs on the following grounds: (1) It does not appear but plaintiff was paid full wages for the time he served the defendant. (2) It does not appear that his damages, if any, have not been paid. (3) The contract sued upon contains no limitation as to period of service, and defendant could lawfully terminate it at will, and without becoming liable to an action for damages. The court held the demurrer to be well assigned, and, plaintiff declining to further plead, judgment was rendered against him, and he appeals.

Arguments of counsel are confined to two propositions of the demurrer: First, that no cause of action is stated because the petition fails to allege nonpayment of the sum for which recovery is demanded; and, second, that, the contract pleaded being indefinite as to the time of employment, defendant could terminate it at will without incurring liability for damages.

Upon the first question thus raised, it may be said that, where the action is based upon contract and nonpayment constitutes the very breach for which plaintiff is demanding a recovery, the petition must allege the nonpayment in order to state a cause of action. *Howerton v. Augustine*, 130 Iowa, 393. But the breach of contract alleged in this petition is not the nonpayment of wages earned in defendant's service under the contract, but the wrongful discharge of the plaintiff, and the recovery demanded is not wages, but damages caused by such discharge. Such damages may or may not be equal to the wages which the plaintiff would have earned had he continued in the defendant's employment. Under such circumstances, it was not necessary for him to anticipate the defense by alleging nonpayment.

*1. Contract for personal services: breach of contract: damages: pleading.*

The second point above referred to appears to be well taken. Plaintiff's contract, as we have seen, leaves the term of the employment indefinite. Under the rule which obtains in England, this would perhaps be construed as a hiring for a year (see cases collected in 26 Cyc. 973), but in this country it is held by an overwhelming weight of authority that a contract of indefinite employment may be abandoned at will by either party without incurring any liability to the other for damages. The cases are too numerous to justify citation, but see collections made in 26 Cyc. 974; 20 American & Eng. Enc. Law (2d Ed.) 14; Master and Servant, section 20, 13 Am. Dig. (Dec. Ed.). Indeed, counsel, for appellant does not question this rule, but suggests that the contract may, and should be, construed as an agreement to keep plaintiff employed for at least sixty days, and that, as he was discharged at the end of fifteen days, he should be allowed to recover a sum equal to the agreed wages for the remainder of the period, and for the additional sum of $120 mentioned in the writing.

*2. Same: termination of employment: damages.*

But the agreement to which reference is made is conditioned upon a loss of employment occasioned by a sale of the defendant's business within sixty days from that date, and no breach of this condition is alleged. There seems to be no escape from the conclusion that, conceding the truth of all the matters alleged in the petition, no cause of action is stated, and the court was not in error in sustaining the demurrer. This conclusion may, and doubtless does, work a hardship to the appellant, but it is one against which he could easily have protected himself in framing the contract of service. Failing to do so, he is without remedy.

The judgment appealed from is affirmed.