WALTER T. O. LARSEN, v. POSTAL TELEGRAPH CABLE CO., Appellant.

**Telegraphs:** FAILURE TO DELIVER: NOTICE OF CLAIM. Entire failure to deliver a telegram is neither erroneous transmission nor unreasonable delay in delivery, within the meaning of Code, section 2164; and a claim for damages resulting therefrom need not be presented to the company as a condition precedent to suit, as provided in that section.

**Same:** TENDER OF EMPLOYMENT: SUBMISSION OF ISSUE. A telegram in the form of an inquiry as to whether plaintiff would accept an appointment to a government position, as in this case, sent under circumstances indicating an intention to appoint plaintiff provided he accepted the offer, authorized a submission of the issue as to whether the sending of the message was equivalent to a tender of the appointment.

**Same:** DAMAGES: DEFINITE EMPLOYMENT. Damages for failure to deliver a telegram tendering definite employment are not so remote and speculative as to preclude recovery therefor, where the plaintiff testified that had he received the message he would have accepted the position.

**Same:** NOMINAL DAMAGES. Where, as in this action, the tender of

a government appointment which plaintiff would have accepted, except for defendant's failure to deliver the message, was for an indefinite time and subject to the pleasure of the government, he was only entitled to recover nominal damages.

*Appeal from Shelby District Court.*—HON. A. B. THORNELL, Judge.

FRIDAY, APRIL 7, 1911.

ACTION for damages resulted in a verdict against defendant, from which it appeals.—*Affirmed* on condition.

*Cullison & Cullison,* for appellant.

*Byers & Byers* and *D. O. Stuart,* for appellee.

LADD, J.—The plaintiff passed the civil service examination with a grade of ninety-nine percent, and, upon request of the Acting Commissioner of Indian Affairs, through the Department of the Interior, the United States Civil Service Commission certified three names, one of which was that of plaintiff, from which that officer might select a carpenter for the Winnebago Indian Reservation. Upon receipt thereof May 12, 1906, the Acting Commissioner of. Indian Affairs delivered to defendant the following telegram: "To Walter T. O. Larsen, Harlan, Iowa. Will you accept appointment carpenter, seven hundred twenty per annum, Winnebago agency, Nebraska? Wire answer." Receiving no answer to the telegram, the Acting Commissioner notified the Civil Service Commission, through the Secretary of the Interior, that plaintiff had been selected, and that, as no reply had been received, another certification of names of persons eligible for the place was desired. On June 2, 1906, the United States Civil Service Commission addressed a letter to Larsen, advising him that the Interior Department had

reported having tendered him the appointment as carpenter and had received no reply, and called his attention to the circumstance that if he declined he would cease to be eligible for the position. Larsen replied, saying he had received no communication such as mentioned, and expressed a hope that the position was still available, as he was anxious to accept it. Though the Civil Service Commission had certified other names from 'which to choose a carpenter, that of plaintiff was added, and his name was certified several times thereafter, but he never received the appointment. He claims damages in . this action because of the omission to deliver the telegram quoted.

I. No notice of the claim for damages was served on the defendant until January 31, 1907, and it is contended that as this was more than sixty days after the cause of action had accrued there can be no recovery. Section 2164 of the Code provides: "In any action against any telegraph or telephone company for damages caused by erroneous transmission of a message, or by unreasonable delay in delivery of a message, negligence on the part of the telegraph or telephone company shall be presumed upon proof of erroneous transmission or of unreasonable delay in delivery, and the burden of proof that such error or delay was not due to negligence upon its part shall rest upon such company but no action for the recovery of such damages shall be maintained unless a claim therefor is presented in writing to such company, officer or agent thereof, within sixty days from time cause of action accrues." The entire omission to deliver can not be regarded as an "erroneous transmission." Is such omission to deliver included in the expression "unreasonable delay in delivery?" This expression seems to contemplate a delivery, but after the lapse of a reasonable time within which this might have been effected. If a message is

1. TELEGRAPHS: failure to deliver: notice of claim.

erroneously transmitted or there is an actual delivery, though unreasonably delayed, the addressee receives the communication and is informed therefrom of the mistake or negligence of the company, and under such circumstances it is no hardship to require him to present his claim within such reasonable time as the Legislature may require, in order that it may investigate while the facts are fresh, and remedy the irregularity, if any existing, in the interest of the service. But in the case of nondelivery, the addressee ordinarily is not· aware of the existence of the message. Only ·the sender and the company may know of this until long after the sixty days prescribed have elapsed, and it would seem unjust to deprive him of all remedy, in the absence of any fault on his part. Only the carrier may be aware of the nondelivery, and it. ought not to be permitted to escape liability for negligence by according this statute a meaning which would extend its scope beyond relief for the mischief intended. As there was no delivery, the omission can not be construed as a mere delay, and plaintiff was not required to present his claim to the company before beginning the action.

II. The telegram was in the form· of a mere inquiry of whether plaintiff would accept the appointment, and it is contended that an acceptance would not have given him the position, and for this reason plaintiff can recover nothing because of nondelivery. See *Bennett v. Telegraph Co.,* 129. Iowa, 607; *Wilson v. Telegraph Co.,* 124 Ga. 131 (52 S. E. 153). The Acting Commissioner of Indian Affairs testified that he had selected plaintiff for the position of carpenter at the Winnebago Indian agency, and that, "though the telegram did not constitute an appointment, it indicated the intention of the office to appoint him, had he answered in the affirmative." The telegram, then, according to the usage of the department, was

2. SAME: tender of employment: submission of issue.

equivalent to a tender, of the position, and, as the intention to appoint, had the offer been accepted, was proven, it was to be inferred that such purpose would have continued and been made effective. A settled design having been proven to exist, it is a matter of legitimate inference that it would have been persisted in and acted upon but for some supervening obstacle. 1 Wigmore Ev., sections 102, 112. The evidence, then, was such as to fairly put in issue whether, under the circumstances, the sending of the telegram was equivalent to a tender of the appointment to the position of carpenter, and there was no error in submitting the issue to the jury.

III. The plaintiff testified that, had the telegram been received, he would have accepted the position, and circumstances proven tended to corroborate such testimony, but it is contended that whether he would have done so, and whether the Acting Commissioner of Indian Affairs would have given him the appointment, were mere matters of speculation. Of course, no one can say to a certainty what might have been done under problematical conditions in the past. All that is possible in such a case is to determine from the proof what in all reasonable probability would have occurred under conditions supposed. Such is the inquiry involved in nearly all personal injury cases, and was proper for determination in the case at bar. In *Barker v. Telegraph Co.*, 134 Wis., 147 (114 N. W. 439, 14 L. R. A. (N. S.) 533, 126 Am. St. Rep. 1017), a person in Chicago had concluded to abandon a trip to Arizona to take treatment from complainant, and caused a telegram to be sent to him at Madison, Wis., inquiring whether he would be in Madison on Sunday or would go to Chicago. The company failed to deliver the message, and as the person in Chicago had transportation, he left for Arizona before complainant learned of his desire for treatment. The court held that he was entitled to re-

3. SAME: damages: definite employment.

cover, and that it was sufficient to show by "reasonable inference from established facts, according to the known forces of nature and human nature, that plaintiff would have made pecuniary gains if he had received the telegram, and was prevented from so doing solely by its nondelivery, without an intervening independent cause." In *Derry v. Flitner,* 118 Mass., 131, the defendant wrongfully occupied a place of shelter to which plaintiff's vessels were entitled. Two of the latter were exposed to and sunk by the storm. The court sustained the inference that but for defendant's wrong, plaintiff's vessels would have been in a place of safety. See *McPeek v. Telegraph Co.,* 107 Iowa, 356. As said, the probability of a different result but for the negligence of the wrongdoer is involved in nearly every negligence case, and there is no reason why the same rule should not be applied to the alleged negligent conduct of a telegraph company.

IV. It is further contended that even if plaintiff suffered any damage as the proximate result of the omission to deliver the telegram, such damage was nominal merely, for that the position was like an employment at will. The federal statute provides that "there shall be a period of probation before any absolute appointment or employment aforesaid." 1 Fed. Stat. Ann. 810 (U. S. Comp. St. 1901, p. 1219). The length of this period is indefinite. The duties of a carpenter at the agency were to assist the Indians in building houses, repairing those of the agency, and in teaching them the rudiments of the trade. Though plaintiff was of good character, there was no showing that he was experienced in dealing with or instructing Indians. Whether he would have proven efficient in such employment or the new environment would have proven agreeable to him was a matter of conjecture. Even should he pass the probationary period and be permanently employed, this would have been for an indefinite time, for,

*4. SAME: nominal damages.*

though the practice of the government may be to retain its employees during good behavior, they are subject to removal at any time by department officers, and are not bound to continue in such employment any specified period. In other words, the tenure of the position to which, but for defendant's negligence, plaintiff might have been appointed would have been indefinite and analogous to a contract employment at will. An employee may not recover damages because of a wrongful discharge, unless the hiring has been for a definite time. *Harrod v. Wineman*, 146 Iowa, 718. In such a case, there is no violating of the contract. Whether plaintiff would have been appointed permanently, as well as the period during which he would have served as carpenter at the agency, had he been appointed, is purely a matter of speculation. The most that can be said with any degree of certainty is that the negligence of defendant deprived him of the opportunity of being tested on probation as to his efficiency, and, if he stood the test, then of receiving the appointment for an indefinite time. In either event, there is no way by which to determine the period he might have continued in such service, and therefore no basis on which to determine the damage he suffered because of the loss of the opportunity. Manifestly, then, only nominal damages can be allowed. Some other matters are discussed, but in view of the conclusion reached none are such as to require attention. If the plaintiff cares to remit from the amount of damages allowed all in excess of $1 within thirty days of the filing of this opinion, the judgment will be affirmed, with costs taxed to appellant; otherwise the judgment will be reversed.

*Affirmed* on condition.