HENRY MUELLER, Appellee, v. WESTERN UNION TELEGRAPH COMPANY, Appellant.

**TELEGRAPHS AND TELEPHONES:** Delay or Failure to Deliver
1  Message—Negligence—Evidence. Evidence reviewed, and *held* to present a jury question whether sufficient diligence was shown in the act of a telegraph company in delivering at a hotel a notice of the receipt of a telegram for addressee.

**DAMAGES:** Avoidable Damages—Avoidable Consequences—Tele-
2  graphs and Telephones—Failure to Deliver Message. The doctrine of "avoidable consequences" has application, under relevant testimony, to a case where a telegraph company failed to pay to plaintiff money transmitted to him by telegraph.

**TELEGRAPHS AND TELEPHONES:** Delay or Failure to Deliver
3  Message—Damages Recoverable—Discomfort—Evidence. Damages because of discomfort suffered by a traveler in not taking a sleeper are not traceable to the negligent failure of a telegraph company to transmit money to the traveler, when there is no evidence that the traveler would have taken the sleeper had he received the money.

**TELEGRAPHS AND TELEPHONES:** Delay or Failure to Deliver
4  Message—Presentation of Claim—Non-Application of Statute. The statutory rule (Sec. 2164, Code, 1897) that no action shall be maintained for the recovery of damages caused by the erroneous

transmission or unreasonable delay in delivery of a telegraph or telephone message, unless a written claim therefor is presented to the company within 60 days from the accrual of the action, does not apply *when there is an entire omission to deliver the message.*

*Appeal from Lee District Court.*—W. S. HAMILTON, Judge.

WEDNESDAY, JANUARY 12, 1916.

THIS action was brought by plaintiff to recover damages alleged to have been sustained by him because of alleged negligence of defendant in failing to pay to him at Detroit, Michigan, the sum of $15.00, by virtue of a money transfer message from Fort Madison, Iowa. The petition alleged that plaintiff was a resident of Fort Madison, and, while attending a Moose Convention (a fraternal organization) as a delegate, at Detroit, Michigan, on August 23, 1911, sent a message over the wires of defendant to one Ernest Burster at Fort Madison, requesting the remittance to him by wire by Burster of $15.00; that, on the same day, Burster, through Frank Spring, paid said sum to the Fort Madison agent of defendant, and the defendant impliedly agreed to promptly transmit the same to its Detroit, Michigan, office, and there to pay the same to plaintiff; that defendant negligently failed to deliver to plaintiff said $15.00; that he remained in Detroit until the evening· of the 24th and then departed therefrom, after having called' at defendant's office in an unsuccessful effort to secure the money; that plaintiff had no funds, and that the $15.00 were required by him for the purpose of food and to provide a means of living from said city to his home; that defendant was informed of the need of said money; that plaintiff was damaged and compelled to go home before the Moose Convention adjourned, because of insufficient funds, being thereby humiliated and worried, and compelled to travel from said city to his home without funds and without food; that he suffered great physical and mental pain, lost time and was at an expense of $1.25 for defendant's services in sending

the telegram. There was a trial to a jury and a verdict returned in favor of plaintiff for the sum of $250.00, upon which verdict judgment was subsequently entered. The defendant appeals.—*Reversed.*

*George H. Fearons, Miller & Wallingford* and *Oliver H. Miller,* for appellant.

*E. C. Weber* and *J. M. C. Hamilton,* for appellee.

PRESTON, J.—1. Upon his arrival at Detroit, plaintiff had registered, and became a guest at the Burns Hotel. Plaintiff testified, as to leaving an address to which the reply to his message should be sent, that he might have said, "Send it to the Moose Convention". But the message in his handwriting, identified by him, showed that the requested address written thereon was, "Care of Burns Hotel". The message which was sent to plaintiff was addressed to Henry Mueller. Plaintiff made inquiries at the Detroit office of defendant, asking if there was anything there for "H. W. Mueller", but without success.

1. TELEGRAPHS AND TELEPHONES: delay or failure to deliver message: negligence: evidence.

The evidence shows that the money order was in the telegraph office during all the time after four P. M., August 23d. The two telegrams follow:

"August 23, 1911.
"To Ernest Burster          Sent Printer          B243
"Ft. Madison, Ia.          Time 11.07          Opr O. A. B.
"Please wire me fifteen dollars today.          Checked
"c-o Burns Hotel.                              Mueller"

"B 584 CH 15 Free
                              Ft. Madison, Iowa, 23          1195
"T. A.
"Detroit Mich.
"Pay Henry Mueller asking transfer Detroit Mich wilful blame from Ernest Burster Ft. Madison Iowa Caution.
"M. T. A."

M. T. A. means Money Transfer Agent, and T. A. means Transfer Agent. The word "wilful" in the message is what is called a guard word, and "blame" is, in the Western Union Code, fifteen dollars. The word "caution", according to the testimony of defendant's employee translating the message, is a word used to show whether the party should be identified or not, and indicates that he did not have to be identified. The notice, however, which it is claimed was sent to the hotel required satisfactory identification.

Plaintiff testifies that he inquired at appellant's office on the evening of August 23d, and again several times during the 24th of August, and was told each time that there was nothing there for him. Witnesses for defendant testify that, on August 23d, a notice was delivered to the hotel clerk for plaintiff in the following form:

"To Henry Mueller

"A telegraph order to pay you a sum of money has just been received. Please call at the office No. Cor. Griswold & Congress Sts. and receipt for the same. If not paid within 72 hours (exclusive of Sundays and holidays), the order will be cancelled and the amount thereof returned to the sender.

"Satisfactory evidence of identity will be required.

"C. H. Cadwallader, Mgr.

"Bring this notice with you."

The message from Fort Madison to Detroit was directed to Henry Mueller, but not to Henry Mueller, care of the Burns Hotel. The Burns Hotel was written on the original message asking Burster to send the amount. As stated, appellee testified that he called at the telegraph office personally on the 23d and 24th of August and inquired if a money order was there for him, told the agents of the company that he needed the money, and was informed by them that there was nothing there for him.

Witnesses for appellant testified that appellee did not

call. On this question of fact, there was such a conflict as that it was for the determination of the jury.

There are 33 assignments of error. These are grouped by appellant into three propositions for purposes of argument, the first of which is that the appellant exercised due care in delivering to a duly authorized agent of plaintiff notice of the message in question, and was not guilty of any negligence in failing to make a personal delivery thereof to appellee, but that appellee was guilty of negligence which contributed to the non-delivery to him of the message, citing a number of cases from other jurisdictions. In all these cases so cited, the message itself was directed to the party for whom the message was intended, not in care of some other party, hotel or corporation, and the message itself was delivered to the party in whose care it was to be held for the sendee. In this case, the order for the money was never delivered to the Burns Hotel. Appellant contends that notice was delivered to the clerk, and even though appellee had received this notice, he would still have been compelled to call personally at the telegraph office and receive his order allowing him to receive the money. Appellee testified that he did call at the telegraph office and inquired for the order.

Taking all the circumstances together, and without setting them out more in detail, we think it is a question for the jury as to whether the delivery to the hotel clerk of the notice, if there was such delivery, and the things done by defendant in endeavoring to deliver the message, or money order, made a sufficient showing of diligence on the part of the defendant. *Manville v. Western Union*, 37 Iowa 214; *Sweatland v. Illinois & Miss. Telegraph Co.*, 27 Iowa 433; *Herron v. Western Union*, 90 Iowa 129.

2. The group of errors relied upon and argued under appellant's Proposition Two relate in part to the question as to whether plaintiff could have saved himself to some extent from bodily pain or discomfort and thus mitigated his damages, if any there were, had he made efforts to do so. There was

evidence in the record bearing upon this question, and the appellant offered instructions covering this

**2. DAMAGES:**
avoidable damages: avoidable consequences: telegraphs and telephones: failure to deliver message.

feature of the case, which were denied by the court, and the subject was not covered by any instructions given. We think there is merit in appellant's contention at this point, and that plaintiff should have made some effort to obtain a small amount of money, to relieve his immediate wants in obtaining food.

No recovery could be had because plaintiff did not take a sleeper, as there was no evidence that the plaintiff would have taken a sleeper from Detroit to Chicago if he had received the money from appellant. It is

**3. TELEGRAPHS AND TELEPHONES:** delay or failure to deliver message: damages recoverable: discomfort: evidence.

probable that the larger part of the recovery in this case was because of his alleged bodily pain and discomfort in not receiving the money with which to obtain food. It is claimed, as we understand it, that plaintiff lost one day's time, or one day's pay from his local lodge, by leaving the convention one day sooner than he intended. It appears that his local lodge was to pay him $5.00 a day for attendance; so that this, if this be the amount of his lost time, with $1.25 paid by him for the message, would leave far the larger part of the recovery for bodily pain and discomfort. Plaintiff had a round trip railroad ticket. Though not suggested in argument, there might be a question, perhaps, as to whether the recovery was not excessive.

3. It is next contended by appellant that the plaintiff's petition contained no allegation that the claim sued upon had been presented to the defendant within sixty days after the sending of the message, and no evidence to

**4. TELEGRAPHS AND TELEPHONES:** delay or failure to deliver message: presentation of claim: non-application of statute.

show that the claim had been presented in writing or otherwise, within said time. It is said that the court erred in permitting the introduction of evidence and in refusing to sustain the defendant's motion for new trial

on the ground that the claim had not been presented, etc. Appellant cites *Albers v. Western Union Telegraph Co.*, 98 Iowa 51; *Herron v. Western Union Telegraph Co.*, 90 Iowa 129. The last named case was for delay in delivering a message; the first involves the construction of a provision of the contract.

It is contended by appellee that the statute does not apply in a case of this nature; that the telegram from Fort Madison was sent to Detroit and the money was at Detroit, but neither the telegram nor the money was delivered; and that, there being no delivery, the omission cannot be construed as a mere delay. They cite *Larsen v. Postal Tel. Cable Co.*, 150 Iowa 748, 751. We think the instant case at this point is ruled by the *Larsen* case.

For the error pointed out in the second division of the opinion, the cause is reversed and remanded for new trial.— *Reversed and Remanded.*

EVANS, C. J., DEEMER and WEAVER, JJ., concur.