FRED WESTERFIELD, Appellee, v. LIBERTY OIL COMPANY, Appellant.

No. 39353.

MARCH 5, 1929.

REHEARING DENIED JUNE 24, 1929.

*J. A. Dyer,* for appellant.

*Neiman & Leake,* for appellee.

EVANS, J.—I. We have before us a confusing and unsatisfactory record. It is simplified, however, by the brief of appellant, which turns the case upon two definite propositions, as follows: (1) Did defendant breach this contract; (2) if it did,

then what is the measure of damages? We confine our consideration to these stated questions.

It appears that, on March 5, 1927, a written contract was entered into between these parties, whereby the plaintiff was employed as a salesman of defendant's goods in the state of Illinois as his territory. His compensation was to be 5  per cent commission on all shipments made by the defendant into the state of Illinois. It was further provided that he should organize a force of salesmen in the state of Illinois, and that for the period of 24 weeks the defendant would advance to him a drawing account not to exceed $50 per week, for expenses. This drawing account was to be charged against his future commissions. The plaintiff entered upon his work, and engaged therein for a period of 10 weeks. He received, during that period, $50 per week on such drawing account. At the expiration of that time, and on May 13, 1927, the defendant notified him, by letter duly mailed, that it chose to terminate the contract, and that it would decline to furnish him any further funds upon his drawing account. As a result of this notification, the plaintiff ceased his work, and sought other employment. The defendant neither pleaded nor offered proof of any justification for such repudiation of the contract. In the absence of legal justification, such repudiation was clearly a breach of the contract on defendant's part.

II. The defendant having breached the contract, what was the measure of plaintiff's damages? The contract by its very nature was indivisible. The plaintiff had an election to sue upon a *quantum meruit* or to sue for damages. His  petition in terms declared for damages, but he specified the measure of his damages as the value of his services at $75 per week. This was the beginning of the confusion which characterizes the record. He proved the value of his services at $75 per week, allowing to the plaintiff credit for $500 advanced on drawing account. His proof of the value of his services was not contested. The defendant offered no evidence in contradiction thereto.

In view of the specified measure of damage claimed in the petition, we think it fairly amounted to a claim on *quantum meruit*, and it was so treated by the court. The pleading was bad,

and was vulnerable to attack. The defendant chose not to attack it, though it did predicate objections to evidence upon the deficiencies of the petition.

Inasmuch as plaintiff was entitled to recover on *quantum meruit,* and did recover thereon, the mere fact that he sounded his action in damages with a *quantum meruit* as the measure thereof could not be prejudicial to the defendant, under the record before us.

The judgment below is, accordingly,—*Affirmed.*

ALBERT, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.