### In re CAPITAL FOUNDRY CORPORATION.

### No. 46229.

District Court, E. D. New York.

June 26, 1945.

Protter & Bagley, of Brooklyn, N. Y., for UE.

Zalkin & Cohen, of New York City, for trustees.

GALSTON, District Judge.

The trustees have filed a petition which sets forth that on taking possession of the assets and property of the above named debtor, they ascertained that the production employees of the debtor were represented by two unions. Each of these unions had a separate contract with the debtor which provided for vacation with pay. It was the custom of the debtor also to allow vacations with pay to all of its other employees who were not covered by the union contracts.

Pursuant to the authority of appointment, the trustees continued the business of the debtor, and though they did not adopt the union contracts, they agreed with the unions that they would conform their operations to the terms of the contracts.

Now representatives of both unions have demanded that the trustees recognize the right of such employees to vacation pay on the basis of the union contracts. In view of the fact that the business of the debtor is about to be discontinued and employees are being paid off, the trustees seek permission to make vacation payments.

United States of America is the largest creditor of the debtor and also of the trustees. Representatives of the Government do not oppose the application; nor does any other creditor. A vacation with pay is in effect additional wages, as was said in Re Wil-Low Cafeterias, 2 Cir., 111 F.2d 429, at 432. The arrangement of employment which the trustees entered into with reperesentatives of the unions fell within the purview of their powers as conferred by the order of appointment of this court. In consequence each of the union employees is entitled to accumulated vacation pay for the period of his employment by the trustees as a proper expense charge of administration of the estate. Likewise employees who fall within the provisions of Section 64, sub. a(2), of the National Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(2), are entitled to priority for wages earned within three months before the filing of this proceeding.

The trustees, therefore, will be authorized to make such payments to such employees.

As to the remaining thirty-seven employees of the debtor, who were also employed by the trustees and were not members of either union, the matter is not altogether clear. The petition recites that it was the custom of the debtor to allow vacations to such employees. The trustees' petition does not recite any agreement with such employees for such vacation time. Accordingly on the face of the present showing, the court is not in position to order any vacation money to such employees.

Submit order.