JAMES DRAKE et al., appellees, v. WALTER M. BLOCK and RUTH BETTEN BLOCK dba "BLOCKS", appellants.

No. 48698.

(Reported in 74 N.W.2d 577)

FEBRUARY 7, 1956.

Hirsch, Riepe & Wright, of Burlington, for appellants.

Dailey & Dailey, of Burlington, for appellees.

HAYS, J.—The defendants operated a mercantile business in Burlington. The plaintiffs are former employees. In August 1952, due to a fire, the business was closed. It was contemplated the same would reopen about December 10. The plaintiffs remained as employees. In November a dispute arose between them and defendant Walter M. Block and they were discharged. They bring this action to recover salary, bonus and vacation pay from the date of their discharge in November to the reopening date, December 10. The various issues were submitted to a jury with a resulting verdict and judgment for the plaintiffs. A form of verdict was submitted as to each plaintiff. An itemized statement of the way the verdicts were reached was returned therewith, and by agreement of counsel it was made a part of the record.

This memorandum is as follows:

| "Drake allowed salary of | 376.93 |
| extra work | 80.00 |
| | 456.93 |
| Korb allowed salary of | 673.07 |
| bonus | 200.00 |
| | 873.07 |
| Mrs. Sinn allowed salary of | 255.79 |
| bonus | 96.37 |
| | 352.16 |
| Mrs. Storks allowed salary of | 188.51 |
| bonus | 47.55 |
| 1 week vacation | 30.00 |
| | 266.06" |

Judgments were entered in accord with the totals appearing in the memorandum. Both in pleading and at the trial, defendants tendered each plaintiff the amount of salary due him at the date of discharge in the following amounts: Drake, $76.70; Korb, $81.15; Sinn, $57.11; Storks, $36.50, all above being net after tax deductions. It is conceded that said amounts

are correct as to salary for the time up to the date of discharge and are included in the judgment.

The appellants assign four errors. Each deals with a separate item of award as set forth in the above memorandum, each treated collectively as to all appellees. The alleged error is failure of the trial court to withdraw that particular item from consideration by the jury.

█ I. Salary. The record shows that appellees were hired at different times and at different salaries. The claim for salary recovery is based upon an oral contract. Appellant states that he specified the type of work and how much was to be paid. All appellees were witnesses. They, in substance, state: "They were not employed for any definite time and did not agree to stay any specified time. They were free to leave his employment at any time. After the fire, Mr. Block assured them that the store would reopen and that they would have their jobs."

Appellants contend that the evidence fails to show a contract upon which liability may be predicated. Appellees say that since there is a conflict in the evidence, the terms of the contract were to be determined by the jury. While there may be a dispute shown in the record as to some details (treated in other assigned errors), we find no conflict as to the length of time of employment; and as to this issue it is for the court to determine. 17 C. J. S., Contracts, section 618.

█ Under the undisputed testimony the oral contract of employment was unilateral. That is, it is one in which one party made an express agreement or undertaking without receiving in return any express agreement or promise of performance. See: Black's Law Dictionary, 4th Ed., page 397; Port Huron Machine Co. v. Wohlers, 207 Iowa 826, 221 N.W. 843. The law is well settled that mutuality of obligation must exist in order to create a contract of employment that is binding and enforceable, short of execution. 35 Am. Jur., Master and Servant, section 11; 17 C. J. S., Contracts, sections 100(g) and 101; 56 C. J. S., Master and Servant, section 6; Burmeister v. Hamann, 208 Iowa 412, 226 N.W. 10; Lewis v. Minnesota Mutual Life Ins. Co., 240 Iowa 1249, 1263, 37 N.W.2d 316; Kazos v. Ginsberg's, Inc., 241 Iowa 395, 41 N.W.2d 30. Where a contract of

employment is indefinite as to time the same lacks mutuality and may be terminated at will by either party without incurring liability. Harrod v. Wineman, 146 Iowa 718, 125 N.W. 812; Larsen v. Postal Telegraph Cable Co., 150 Iowa 748, 130 N.W. 813; Lewis v. Minnesota Mut. L. Ins. Co., supra, 240 Iowa 1249.

▆▆▆ Under the undisputed record in the light of the law applicable thereto, no enforceable contract for salary, beyond the date of termination of employment, is presented. Since appellants tendered full salary to termination date, this issue should not have been submitted to the jury.

II. Bonus. Appellants contend that there is no showing of any agreement to pay a bonus in any fixed amount; and hence to submit the question to the jury is but to permit it to speculate as to the amount thereof. Appellees assert the question was properly submitted on a quantum meruit theory.

There is no question under this record but that a bonus or profit sharing plan was discussed by the parties and contemplated by both. However, all parties are agreed that at no time was any definite amount agreed upon. It appears without dispute that all matters concerning this bonus, time of payment and the amount thereof rested solely and exclusively with appellant Walter M. Block. He states that he had no fixed plan or schedule to be followed in determining the amount. The record clearly shows such bonuses, as were paid, followed no set plan or percentage of salary paid. Under the well-recognized rules of law here applicable, any attempt to recover a bonus under an express contract must fail as too indefinite and uncertain. Restatement, Contracts, section 32; 12 Am. Jur., Contracts, section 71; Faulkner v. Des Moines Drug Co., 117 Iowa 120, 90 N.W. 585; Kollman v. McGregor, 240 Iowa 1331, 39 N.W.2d 302; Petersen v. Pilgrim Village, 256 Wis. 621, 42 N.W.2d 273, 18 A. L. R.2d 206, and annotation, page 211.

However, recovery is sought on a quantum meruit basis. There appears to be a sharp split among the various jurisdictions as to the availability of this remedy. See authorities last above cited. While somewhat a new question before this court, the trend appears to be to allow such recovery. Hall v. Luckman, 133 Iowa 518, 110 N.W. 916; Westerfield v. Liberty Oil Co., 208 Iowa 912, 223 N.W. 894; Kollman v. McGregor, supra.

■■ Quantum meruit in effect means "as much as he deserved." It is the reasonable value to be given for the service performed or, in case of a definite time of service, to be performed. Its determination, in the absence of an agreement as to a definite amount, is to be based upon a comparison with some other established or stable fact such as custom in a certain trade, conduct between the parties over an appreciable period of time which shows a certain degree of continuity or pattern. The instant record shows no such basis of comparison; in fact, it shows nothing but a hit or miss method unknown and unfathomable to all except the employer. To submit this issue to the jury is but to invite, or at least permit, a verdict based upon pure conjecture; and in so doing the court committed error.

The appellees cite and rely upon our holdings in Westerfield v. Liberty Oil Co. and Kollman v. McGregor, both supra. While they state the abstract legal question asserted by appellees, their factual situations, upon which their holdings are based, differ so from the instant case as to be of no import.

III. Extra work. This issue arises only as to appellee Drake. Prior to the fire, Drake was employed as a bookkeeper. After the fire he continued on salary as before. He states that he spent several nights making out reports, probably made necessary by the fire. On this matter appellant Block states: "I never told Mr. Drake I would give him any extra compensation for the work he did in connection with making out fire and insurance reports, and he never asked for any. After things were straightened out following the fire, Mr. Drake probably did not have over five or six hours work a week." Drake states that nothing was said to him concerning any extra compensation for the nightwork with the exception of the remarks made several times that "we will all have a vacation when it is all over." He also states that the extra work done was in the main the type of work he regularly did. It thus appears that no express contract for extra pay existed.

■■ McGuire v. Interurban Railway Co., 199 Iowa 203, 200 N.W. 55, is cited by both parties as authority for their theory. We think it clearly states the rule applicable to the instant facts, as accepted by this court. It recognizes the existence

of the general rule adopted in many jurisdictions to the effect that no recovery can be had for such extra service, except upon an express promise to pay. It then states (page 211 of 199 Iowa, page 59 of 200 N.W.): "According to the weight of authority and the rule heretofore adopted by this court, however, a recovery may be had for extra services, even when of a character to come within the scope of the employment, upon proof of facts short of an express promise to pay therefor, but from which such a promise may be implied." It then states two situations which would allow such recovery: (1) Where there is such a uniform and notorious custom in the business and the agreement was entered into with reference thereto. (2) Under attendant circumstances the reasonable understanding of both parties was that extra pay be given. Under the record as above set out we find nothing even tending to show any understanding between the parties that extra pay was to be paid or even contemplated. As to the existence of a custom, none is pleaded and no evidence thereof was offered. Appellees place great stress upon the following statement (page 216) in said case: "For the error in refusing to submit to the jury appellant's claim to recover for overtime, the case must be * * * reversed." An examination of the case shows that though a custom was pleaded, the trial court refused to receive proof thereof, and, on this account, the case was reversed. There was no issue for the jury in the instant case.

IV. Vacation pay. This assignment concerns only appellee Storks. It involves one week's pay for the year 1952. She was allowed to recover $30 on this item. Appellants' brief cites no authority on the proposition, and merely states that "payment for vacation not taken can be enforced only upon the express promise of the employer." Appellee cites Kollman v. McGregor, 240 Iowa 1331, 39 N.W.2d 302, as authorizing such recovery.

There is testimony in the record to the effect that a part of the consideration offered by appellants at the time of employment was vacation pay, and this according to appellee was enforceable as one of the terms of employment. Thus appellee bases her claim upon an express contract. A contract that was unilateral. See Division I hereof. Assuming an agreement to

allow vacation pay, such agreement is meaningless in the absence of a definite time element as to the period of employment. What was the purpose for offering vacation pay? Probably to induce the employee to continue as an employee. What length of time of service was contemplated before a right to such pay accrued? Was it a week or a month or a quarter or a year? Either party being free to terminate the agreement at will without liability, it is only where the contract has been executed that rights may be predicated thereon. Under this record, only by conjecture and speculation can these questions be answered. In Kollman v. Mc-Gregor, supra, this situation appears to be recognized. There particular stress is placed upon the fact that the employment was for a stated period of time and that the same had been breached by the employer. It is there said at page 1334 of 240 Iowa, page 304 of 39 N.W.2d: "There is no testimony plaintiff voluntarily quit *or that the contract was terminable at will by either party.*" (Italics added.) No issue for the jury was made.

A lump sum amount, embracing the several items considered above, was allowed each plaintiff. Ordinarily where unauthorized items are submitted and there is a lump-sum recovery, a reversal on account thereof necessitates a new trial. However, due to the memorandum, above set forth, the erroneous items may be eliminated and the verdict, thus reduced, permitted to stand. We hold that the case must be reversed and remanded with directions to correct the judgments to be as follows: Drake, $76.70; Korb, $81.15; Sinn, $57.11, and Storks, $36.50. Tender of these amounts having been made in the pleadings and at the trial, costs are assessed to appellees.—Reversed and remanded with directions.

All JUSTICES concur.