**INTERSTATE HOSTS, INC., Appellant,**

v.

**Alyne THOMPSON, Appellee.**

No. 17189.

Court of Civil Appeals of Texas.

Dallas.

Dec. 27, 1968.

David B. Owen, of Morgan, Gambill & Owen, Ft. Worth, for appellant.

Jay M. Vogelson, of Mullinax, Wells, Mauzy, Levy & Richards, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

The sole question presented by this appeal is whether Alyne Thompson was entitled to recover vacation pay alleged to have accrued at the time of the termination of her employment with Interstate Hosts, Inc. The case was submitted to the trial court, without a jury, entirely on stipulated facts. Judgment was entered in favor of plaintiff for vacation pay in the amount of $78.88 and for attorney's fees of $100.

Appellant's primary point on appeal is that the record reveals, as a matter of law, that appellee was not entitled to any vacation pay and therefore the judgment should be reversed and rendered.

According to the stipulation Alyne Thompson entered into a verbal contract of employment with Interstate Hosts, Inc. on October 16, 1963 whereby she was hired as a waitress to work in a snack shop located at Love Field Terminal, Dallas, Texas. At the time she started to work appellee received a copy of an instrument referred to as "Employees Manual." Concerning vacation pay to employees, the manual contained the following pertinent provision:

"*VACATIONS—*

On completion of one full year of service as a regular full-time employee, you will be entitled to one week's vacation with pay at your average

straight-time rate over the previous year. After two full years of service as a regular full-time employee, you will receive two weeks' vacation, and after ten years, three weeks' vacation with pay at your average straight-time rate over the previous year."

Following the completion of the full year from October 16, 1963 to October 16, 1964 appellant gave appellee one extra week's pay for which no service was rendered. Following the completion of a full year from October 16, 1964 to October 16, 1965 appellee was given two extra weeks' pay for which no service was rendered. Appellee's employment was terminated by appellant on September 3, 1966, prior to the completion of her third year of employment. From October 16, 1965 to September 3, 1966 appellee was not present for work 77½ working days. Appellant had the absolute right to terminate appellee's employment at such time. It had been the invariable custom and practice of the appellant with all of its employees, in addition to appellee, to give vacation pay only when such employee had completed his full employment year. Within a few days of appellee's termination on September 3, 1966 appellee was paid for all wages earned to said date of termination. On September 23, 1966 appellee's attorney wrote a letter to appellant notifying it that appellee claimed two weeks' vacation pay in addition to the sums already paid to her. Appellant denied its liability for such vacation pay.

On January 1, 1967 appellee wrote appellant a letter in which she stated: "If it had been three months before my three years would have been up I wouldn't have thought of the vacation pay but a month and thirteen days until my vacation time was due, yes I think I should have got it."

## OPINION

While the question presented appears to be one of first impression in Texas its resolution seems quite simple. Any vested interest or right acquired concerning vacation pay must be determined from the terms of the contract of employment, either express or implied. There was no written contract of employment. Appellee merely applied for a job as a waitress and was employed as such for an indefinite period of time. It is not questioned that either party could terminate the employment at any time. Appellant's employment policies were set forth fully in the manual which was given to appellee at the time she went to work. These policies are plain and unambiguous concerning paid vacations. Upon completion of one full year of service as a regular full time employee one week's paid vacation was forthcoming. After two full years of service as a regular full time employee two weeks' vacation with pay was earned. In the case of appellee both of these contingencies were fulfilled and appellant complied with its obligation. However, it is undisputed that when appellee's employment was terminated she had not completed the third full year of employment. There is nothing in the contract, either express or implied, which would give appellee a vested interest or right into a pro rata share of the vacation accrued during the third year.

There is no source of authority justifying appellee's claim for vacation pay allowance. At the time appellee was separated from service the contract with reference to vacation pay was not executed, but still executory. The identical question was presented to the court in Stetson v. Chicago, Aurora & Elgin Ry. Co., 2 Ill.App.2d 274, 119 N.E.2d 395 (1954) and in denying recovery the court said, in part:

"* * *, we think that the facts bearing on the period of time worked by plaintiff did not entitle him to two weeks' vacation pay upon his discharge. He takes the position that by reason of having worked during the year 1950 he 'earned' two weeks' vacation in the year 1951, but did not receive it because his

employment was terminated on February 9 of that year. He was admittedly an employee at will, and could therefore be discharged at any time. Obviously at the time of his discharge he would not have performed the year of service for which a vacation would be 'due' him in any event."

An excellent discussion of the question of vacation pay rights of employees is found in 91 A.L.R.2d 1078.

See also Drake v. Block, 247 Iowa 517, 74 N.W.2d 577 (1956); In re Capital Foundry Corporation, 61 F.Supp. 332 (Dist.Ct. of N.Y. 1945); Hoover v. Jackson, 53 Pa. Super. 169 (1913); and Schurr v. Savigny, 85 Mich. 144, 48 N.W. 547 (1891).

Finding no basis in law or in fact for the recovery of the vacation rights asserted by appellee, we reverse the judgment of the trial court and render judgment that appellee take nothing from appellant. Rule 434 Vernon's Texas Rules of Civil Procedure.

Reversed and rendered.