634 P.2d 695

**NEW MEXICO STATE LABOR AND INDUSTRIAL COMMISSION, ex rel. Leslie L. TOLMAN, Plaintiff-Appellant,**

v.

**DEMING NATIONAL BANK, a national banking association, Defendant-Appellee.**

No. 13401.

Supreme Court of New Mexico.

Oct. 6, 1981.

Ralph E. Ellinwood, Dist. Atty., Deming, David A. Lane, Asst. Dist. Atty., Silver City, for plaintiff-appellant.

Sherman & Sherman, Benjamin M. Sherman, Deming, for defendant-appellee.

OPINION

EASLEY, Chief Justice.

New Mexico State Labor and Industrial Commission (Commission) sued Deming National Bank (Bank) on behalf of Leslie Tolman (Tolman) to recover money compensation in lieu of vacation time. The case was submitted on stipulated facts and the district court entered judgment in favor of Bank. The Commission appeals and we affirm.

The sole question is whether the Bank's Personnel Guidelines is against public policy and void in that it prevents Tolman from collecting vacation pay when she voluntari-

ly terminated her employment prior to the date she had selected to take her vacation.

The stipulated facts state that Tolman was employed by the Bank as a teller from May 24, 1977 through August 4, 1978. Tolman asserts that she was entitled to a two-week vacation for 1978 under Paragraph "X" of the Bank's written Personnel Guidelines. The Guidelines provided that choice of vacation time must be submitted prior to April 15th of the year of vacation and approved by the supervisor and personnel officer. Paragraph "X" further stated, "No compensation in lieu of vacation shall be paid either to those who voluntarily or involuntarily terminate before their selected vacation time."

Tolman was aware of the Personnel Guidelines, including Paragraph "X". In April 1978, she submitted her choice of time for the vacation to commence September 15, 1978. On July 15, 1978, Tolman gave notice of intent to terminate her employment with the Bank, and did terminate her employment on August 4.

An employee has no right to a paid vacation in absence of an agreement, either express or implied. *See Marine Inspection Serv., Inc. v. Alexander*, 553 S.W.2d 185 (Tex.Civ.App.1977); *Interstate Hosts, Inc. v. Thompson*, 435 S.W.2d 957 (Tex.Civ.App.1968); Annot., 91 A.L.R.2d 1078 (1963). Thus, Tolman's right to a paid vacation derived solely from the Bank's Personnel Guidelines which sets forth vacation rights and the terms and conditions. One of the conditions of vacation pay is that vacation time be actually taken. The Guidelines quite clearly provide that employees are not entitled to compensation in lieu of vacation.

We cannot agree with Tolman that this condition is unconscionable or against public policy. In *Bondio v. Joseph Binder, Inc.*, 24 So.2d 398, 401 (La.App.1946), the court noted the justifications for denying payment in lieu of vacation time:

> The stipulation in the contract for the allowance of a vacation to employees is merely a recognition by management and labor that a short interval of complete rest and relaxation from daily routine with the benefit of full pay is essential to the mental and physical wellbeing of the workman. Such vacations or rest periods not only redound to the good of the daily worker but also to industry, in that the employee returns to his job refreshed, healthier and with new vigor and zeal. Vacation, therefore, contemplates a continuance of employment. The parties to the agreement, in contracting for the allowance of vacations, did not intend that the stipulation should be considered as providing a cash bonus in lieu of vacation pay for those employees who might see fit to discontinue their employment prior to the time the employer fixed the dates upon which the vacations would be given.

Tolman seeks to receive the benefits of the Personnel Guidelines without complying with the conditions. The condition that vacation pay would only be paid for vacation time actually taken was reasonable. We therefore affirm the decision of the trial court.

IT IS SO ORDERED.

PAYNE, FEDERICI and RIORDAN, JJ., concur.

SOSA, Senior Justice, respectfully dissents.