**FRANK MILLARD & CO., INC., Appellee,**

v.

**HOUSEWRIGHT LUMBER COMPANY d/b/a Housewright Contracting, Appellant.**

No. 97–927.

Supreme Court of Iowa.

Jan. 21, 1999.

Craig D. Warner of Aspelmeier, Fisch, Power, Warner & Engberg, P.L.C., Burlington, for appellant.

Terry D. Loeschen of Loeschen & Loeschen, Burlington, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and CADY, JJ.

CARTER, Justice.

Defendant, Housewright Lumber Company (Housewright), a general contractor, appeals from a judgment against it in favor of Frank Millard & Company (Millard), its subcontractor, based on Housewright's alleged failure to pay the amount owed the subcontractor under the agreement. Housewright contends that (1) the trial court erred in finding that the amount owed Millard for insulation work was not included in the price agreed to in the written agreement, and (2) Millard failed to show that its charge for the insulation work was fair and reasonable. After reviewing the record and considering the arguments presented, we affirm the judgment of the district court.

Housewright was the general contractor and Millard was a mechanical and electrical subcontractor on a project for the Iowa Army Ammunition Plant in Middletown, Iowa. Housewright contacted Millard concerning a bid on the project in November 1993. Later that month, Mac Arthur Coffin, Sr., chairman of Millard, prepared the bid, and Coffin's son, Mac Arthur II, submitted the bid through a phone call to Bill Housewright, chairman of Housewright.

The original bid submitted by Millard for $132,000 included the mechanical portion of the contract. It did not include the insulation section that is the subject of the present dispute. When Millard did not submit a bid for the insulation portion, Housewright requested that Mac Arthur II provide a quote on that item because Housewright was relying on Millard to do this work.

On March 1, 1994, after Millard had already begun work on the mechanical portion of the contract, Housewright mailed it a contract including the insulation work and adding an additional $2000 to the contract price. Millard refused to sign that contract because the extent of the insulation work could not be ascertained by either Housewright or Millard until some asbestos abatement work was completed by another subcontractor.

Almost three months later, on May 24, 1994, a second contract was signed by both Mac Arthur Coffin, Sr. and Bill Housewright. That contract was identical to the March 1 contract, with one exception. On the second contract, Coffin, Sr. added a handwritten addendum that provided: "At end of project we will review the cost of duct insulation and responsibility." This statement was added before either party signed the contract.

After completing their work, Millard sent Housewright an invoice for $12,009.56. This represented a $14,009.56 charge for the insulation work less the $2000 added to the original bid. Housewright refused to pay this charge and urged that the written addendum to the contract was without legal significance. After a bench trial, the district court found that a contract existed that required Housewright to pay the cost incurred by Millard over and above $2000 in completing the insulation work.

## I. Whether a Contract Existed Between Millard and Housewright.

When a district court's ruling is challenged for lack of substantial evidence, we view the evidence in the light most favorable to the judgment. *Tim O'Neill Chevrolet, Inc. v. Forristall*, 551 N.W.2d 611, 614 (Iowa 1996). We will liberally construe the district court's findings to uphold, rather than defeat, the result reached. *Id.* Our task is to determine whether substantial evidence exists to support the district court's findings according to the witnesses the district court believed. *Id.*

The district court determined that the May 24, 1994 contract was the basis of the parties' rights and obligations with regard to both the pipe and duct insulation. Although the contract addendum only referred to the responsibility for duct insulation, the district court determined that this addendum covered both duct and pipe insulation and that the parties had used the terms interchangeably. We are satisfied that the evidence supports this finding.

A contract may be either express or implied. When parties manifest their agreement by words, the contract is said to

be express, and when it is manifested by conduct, it is said to be implied in fact. *Ringland–Johnson–Crowley Co. v. First Cent. Serv. Corp.*, 255 N.W.2d 149, 152 (Iowa 1977). Both express contracts and implied-in-fact contracts are true contracts formed by mutual manifestation of assent. *Id.* Housewright admitted that Millard provided labor and materials for both duct and pipe insulation. There was no evidence presented distinguishing the duct insulation from the pipe insulation with respect to the inability of the parties to know the extent of the work required at the time the contract was made. There is no evidence to show that the $2000 added to the contract price covered the pipe insulation, leaving only the cost of the duct insulation for future determination. In fact, the $2000 addition to the contract price was inserted into the agreement by Housewright prior to Millard's insistence on the addendum. Millard insisted on the handwritten addendum prior to signing the agreement. These circumstances constituted sufficient evidence for the district court to interpret the addendum as requiring Housewright to pay Millard on a time-and-material basis for all insulation work actually performed.

## II. *The Reasonable Value of Millard's Services.*

Housewright also urges that Millard's claim should fail because it presented no evidence that its labor rates and material costs were fair and reasonable. It bases this contention on cases involving *quantum meruit* recoveries and offers the following quotation:

> It is the reasonable value to be given for the service performed.... Its determination, in the absence of an agreement as to a definite amount, is to be based upon a comparison with some other established or stable fact such as custom in a certain trade, conduct between the parties over an appreciable period of time which shows a certain degree of continuity or pattern.

*Drake v. Block,* 247 Iowa 517, 521, 74 N.W.2d 577, 580–81 (1956). Housewright also argues that *Olberding Constr. Co. v. Ruden,* 243 N.W.2d 872, 875 (Iowa 1976), requires that the amount of recovery be measured by the value of the material and services to the person receiving them rather than the cost to the provider of the service. That, also, is a principle applicable to *quantum meruit* recoveries.

We conclude that Housewright's arguments must fail because, although Millard amended its petition to add a *quantum meruit* claim in the alternative, the district court did not decide the case on that theory. The court determined that there was an express contract requiring that Millard was to be paid on a time-and-material basis for the insulation work actually performed subject to a $2000 credit. We are satisfied that adequate evidence was presented to support the district court's award under that theory. We have considered all arguments presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**